JOSEPH COTULLA v. W. M. BURSWELL ET AL.

Decided December 13, 1899.

**County Bonds—Injunction—Insufficient Allegations.**

Where a county undertook to refund its outstanding bonds in 1896, but the then proposed issue of new funding bonds was, for cause not shown, disapproved and rejected by the Attorney-General, and in 1898 the county levied a tax to provide a sinking fund for and pay interest on its funding bonds to be thereafter issued, a petition for injunction to restrain the collection of such tax was fatally defective in failing to allege that the tax was to be applied to such disapproved bonds, and in failing to negative the inference that the objections of the Attorney-General to such bonds may have been since removed.

APPEAL from La Salle.   Tried below before Hon. A. L. McLANE.

*Chas. H. Mayfield,* for appellant.

*Covey C. Thomas,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellant sought to restrain, by injunction, the collection of certain taxes levied on his property to pay on the sinking fund and interest of certain county refunding bonds for $33,000. Exceptions to the petition were sustained by the court and this appeal was taken.   He alleged in his petition that in 1883 certain bonds amounting in the aggregate to $33,000 were issued to erect a courthouse and jail; that on February 12, 1896, the Commissioners Court passed an order to refund the debt evidenced by the bonds issued in 1883, and made provision for the issue on April 10, 1896, of thirty-three bonds, each of the denomination of $1.000 each to be payable forty years from date, redeemable at the pleasure of the county at any time after the expiration of five years, bearing interest at 5 per cent per annum, payable annually. On the same day the court by an order provided for interest and sinking fund on the bonds, and they were presented to the Attorney-General for his approval, and he refused to approve the same.   It was further alleged that the bonds remained in possession of La Salle County and the county treasurer was ordered not to pay any interest on the bond issue of 1883 until further ordered, which order has never been given.   On February 14, 1898, an order was passed and entered by the court for the levy of taxes for various purposes, among the number 25 cents on the hundred dollars to provide a sinking fund and interest on funding bonds to be issued in the sum of $33,000 to take up the bonds of 1883.   It was further alleged that "the Attorney-General of the State of Texas has never accepted or approved said courthouse and jail funding bonds heretofore, on February 12, 1896, ordered to be issued as aforesaid on April 10, 1896, but on to wit, March 19, 1896, refused to approve them and rejected each and all of them, of all of which La Salle County was then and there duly notified, and said bonds have never had nor have they now any legal existence, and  have never been and are not now any legal obligation of La Salle County."   The petition is very voluminous, but the salient points therein have been enumerated.

Without the approval of the refunding bonds by the Attorney-General they could not be legally issued by the Commissioners Court (article 918d, Revised Statutes), and the allegations as to the attempted issue of the bonds in 1896 are sufficient to show the illegality of such issue.   It is further alleged, however, that the order to levy the taxes complained of by appellant was made in February, 1898, and that its object was to raise a sinking fund and interest on bonds that were to be issued thereafter. Can it be said, from the allegations, that the levy was made to raise money to pay off the bonds that had been disapproved by the Attorney-

General in 1896? There is no allegation to that effect. It is a reasonable hypothesis that the Commissioners Court, when levying the tax, had removed the obstacle in the way of the approval of the refunding bonds by the Attorney-General, and that his approval had been obtained and that the bonds were afterwards issued. The allegation that refunding bonds ordered to be issued on April 10, 1896, had been disapproved, is not an allegation that he would not approve bonds to refund the same debt that were to be issued in 1898. "The rule of pleading, that the statements of a party are to be taken most strongly against himself, is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." Harrison v. Crumb, White & Wills. Civ. Cas., sec. 992; Gillis v. Rosenheimer, 64 Texas, 243. Not only must the petition state all that is necessary to establish a right, but negative any reasonable inference arising from the facts stated, that the applicant for injunction is not entitled to it. We can reasonably suppose that the objections of the Attorney-General may have been removed by a decision of the Supreme Court, or some action on the part of the Commissioners Court, and that the bonds were lawfully issued.

The judgment is affirmed.

*Affirmed.*