### PACIFIC EXPRESS COMPANY v. MRS. THOMAS GATHRIGHT.

Decided June 16, 1910.

**1.—Carrier—Shipment of Corpse—Undertaker's Charges.**

Evidence considered and held insufficient to show an agreement by an express company to discharge the undertaker's claim for which the corpse was held and to ship the body to the widow for interment at the place of residence, collecting such charges on delivery.

**2.—Same.**

No duty rested on a carrier by law to discharge or guarantee payment of a claim of the undertaker holding possession of a corpse, in order to obtain it for shipment to relatives for interment. If the undertaker refused to surrender possession for shipment with charges collectible on delivery, it was the duty of the shipper to arrange them in order that the carrier might get possession, and until this was done the latter incurred no liability for delay of the shipment.

**3.—Contract—Evidence—Custom.**

Where no contract by defendant was shown, proof of a custom to make such contracts was irrelevant.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*James L. Minnis, W. R. Sawyers* and *Spoonts, Thompson & Barwise,* for appellant.

*Wynn & Turner,* for appellee.

No briefs reached the reporter.

LEVY, ASSOCIATE JUSTICE.—Appellee sued for damages for failing

to promptly ship the body of her deceased husband, claiming that appellant, through its agents at El Paso and· Fort Worth, and in · accordance with instructions from its agent at El Paso to its agent at Fort Worth to see appellee and arrange for the shipment of the corpse, contracted to promptly ship the said corpse from El Paso to Fort Worth upon a guarantee of payment at destination of the express and undertakers charges by Leon Gross for Washer Brothers in her behalf. In accordance with the verdict of a jury, judgment was entered for appellee.

The eighth and fifteenth assignments are here considered together for the purposes of the ruling. The eighth assignment complains of the court's charge as authorizing a recovery on an issue not warranted by the proof, and the fifteenth assignment complains of the refusal of the court to grant a new trial because the verdict of the jury is not warranted by the evidence. The point is that the proof did not warrant a recovery by appellee against appellant based on a contract of shipment of the corpse C. O. D. the undertaker's charges. The case was tried on the theory, and such finding submitted to the jury, that the appellee entered into a contract with the appellant, through its local agents, by the terms of which the appellant agreed to promptly ship the corpse of Thomas Gathright from El Paso to Fort Worth, upon a guarantee of payment at destination of the express and undertaker's charges by Leon Gross, for Washer Brothers, in her behalf. It could not be said, we think, from the testimony, that a contract was made by appellant to ship or undertake the shipment of the corpse C. O. D. the undertaker's charges at destination. And it follows that the assignments must be sustained. In the particular facts of the case it is shown that Thomas Gathright, the husband of appellee, died in El Paso, Texas, on December 7, 1907, in the forenoon, at a hotel, and the control of the corpse was turned over to a firm of undertakers by the hotel authorities. It appears that a member of the firm of undertakers had information that the wife of deceased resided in Fort Worth, and he went to the express office of appellant and told the express agent of the death and informed him that there were undertakers' charges against the body,.and told him the amount of the charges, and asked him to have the agent at Fort .Worth to arrange with appellee for the shipment ·of the corpse.to Fort Worth. It appears that the ·undertakers were unwilling to deliver up the corpse or ship the same until their charges were satisfied or satisfactorily arranged for, and there was no tender or offer of the body by the undertakers at the time for shipment by appellant. Upon this request by and at the instance of the undertaker, the agent at El Paso at once. wired the agent at· Fort Worth, "See Mrs. Gathright, 1300 Ninth Street, arrange for shipment corpse Thomas Gathright, advise me by wire." Acting on the telegram, and in behalf of appellee, Leon Gross, for Washer Brothers, agreed to guarantee the payment at destination of the charges necessary to have the remains shipped to Fort Worth, and so informed the agent at Fort Worth, and the said agent then sent a reply telegram to the agent at El Paso, "Forward corpse collect; charges guaranteed; advise me if O. K." Neither appellee nor Gross nor the Fort Worth agent knew at the time of the message that there were undertakers' charges. The

agent at El Paso, after receiving the reply telegram, notified the undertakers and told them it was a guarantee of express charges only, and the undertakers refused to let the body go until their charges were guaranteed or paid. Appellee did not know that the body was not shipped till the 9th of the month, when she got on the train and went to El Paso, paid the undertakers' charges and buried her husband there. Appellee at the time, it is seen, was not in a position to unconditionally deliver or tender to appellant, as a common carrier, the corpse for shipment, nor the appellant on her tender to assume dominion over the corpse for purposes of shipment. The undertakers' consent to the surrender of possession of the corpse then in their control was necessary, and they were necessary parties to any agreement looking to a delivery for shipment. Appellee, therefore, in order to be in a position to effectuate a contract of shipment by delivery of the body to appellant, or place appellant in a position to assume dominion over the corpse for purposes of shipment, must satisfy the undertakers' charges by payment or in some way satisfactory to them. In this situation it was not the legal duty of appellant as a common carrier, in anticipation of the shipment, to itself either pay or guarantee for appellee the payment of undertakers' charges, any more so than any lien or mortgage on personalty generally, as not within the scope of their charter as a common carrier. It also is not a duty imposed by the common law on appellant as a common carrier to agree to become the agent of the undertakers to collect and return the amount of their charges from appellee. Such latter obligation, if undertaken, only arises by contract, express or implied, and it is only liable for breach of the contract, if made, to the shipper holding the charges that it will collect the charges for him before delivery to the consignee. Therefore if appellee had an interest in the corpse, as she had, to be shipped, and had known of the undertakers' charges, and was undertaking to effect its shipment C. O. D. the undertakers' charges, she still, in her undertaking to that end was bound to take notice that any agreement to collect of her the undertakers' charges for the undertakers, or to negotiate an agreement between her and the undertakers to deliver possession and ship the corpse C. O. D. their charges, legally rested in simple contract, and not in any duty imposed by law on appellant as a common carrier. She further in the circumstances would be held to take notice that the undertakers were a necessary party to any agreement to ship on her guarantee of their charges, and that any agreement she made with appellant, in anticipation of the shipment, to ship C. O. D. the undertakers' charges would be conditional upon the consent of the undertakers to deliver the corpse for shipment upon appellee's guarantee of pay at destination. If the record should be construed as indicating that appellee and Gross and the Fort Worth agent did at the time know of the undertakers' charges, and appellee, through Gross, agreed with the agent at Fort Worth to guarantee the undertakers' charges, the agreement with the agent at Fort Worth should still, in the record, be considered only as an agreement to ship the corpse C. O. D. the undertakers' charges in the event the undertakers thereafter agreed to such shipment on her guarantee of payment of their charges and delivered the corpse for shipment. It was not an unconditional agreement to make

the shipment, as appellee must have known and contemplated. The telegram of the agent shows that, because inviting an answer from the El Paso agent. It evidences, as within the minds of the parties, simply negotiations for ultimate shipment if agreed · to. Such conditional agreement did not require appellant, in order to accomplish the undertaking as a common carrier, to become itself responsible to pay the undertakers' charges. It was incumbent on appellee to make delivery of the corpse, or place appellant in unconditional dominion over the corpse, in order to predicate a contract of carriage with appellant as a common carrier. This the proof fails to show, and hence the error of the charge and verdict. At most, we think, the evidence could only be said to tend to show an undertaking on appellant's part through its agents to negotiate, in anticipation of a shipment, an agreement between the appellee and the undertakers, who were in possession of the corpse, to permit and authorize the appellant to ship the corpse and agree to collect the undertakers' charges for them from appellee at destination. And liability, if at all, must be predicated on the wrong, if any, of appellant's agents in not properly carrying out such undertaking to bring about the agreement between appellee and the undertakers, having undertaken to do so. The distinction is evident between a special undertaking in anticipation of shipment, to effectuate a shipping agreement between appellee and the undertakers to collect their charges at destination, and that of a completed contract of carriage C. O. D. the undertakers' charges. We, however, make no ruling in this phase, as not here presented. The ruling is that a contract of shipment C. O. D. the undertakers' charges is not established by the evidence, and a recovery on that ground is not warranted.

The fourth assignment, complaining of the court's charge, was also error, because, as no contract of shipment C. O. D. the undertakers' charges was shown, proof of like custom was inapplicable and immaterial.

The judgment was ordered reversed and remanded.

*Reversed and remanded.*

Writ of error granted and judgment rendered for appellant.