### HICKS v. MURPHY et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 20, 1912. Rehearing Denied Dec. 18, 1912.)

1. PLEADING (§ 409*)—ANSWER — FORM—MOTION TO DISSOLVE INJUNCTION.

A verified pleading containing allegations intended as denials and a prayer for dissolution of the injunction and general relief, in the absence of objection below, as to form, will be held sufficient as an answer, although styled a "motion to dissolve injunction."

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375–1383, 1386; Dec. Dig. § 409.*]

2. INJUNCTION (§ 118*)—INJUNCTION AGAINST SALE—PETITION.

A petition to enjoin a substituted trustee from selling land which states that such trustee did not have authority under the trust deed, which was a conclusion, and pleads no facts from which it could be determined whether the deed of trust gave him authority, was insufficient; a power to sell being strictly construed.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. APPEAL AND ERROR (§ 1039*)—PLEADING—INSUFFICIENCY.

A plaintiff is not entitled to a reversal for insufficiency of the answer where the petition did not state a cause of action, and the answer did not supply its defects.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

4. INJUNCTION (§ 148*) — "COLLECTION OF MONEY"—REFUNDING BONDS.

An injunction restraining a substituted trustee under a deed of trust from selling the land, but saying nothing about the collection of the notes for which the deed of trust was security, was not one restraining the "collection of money" within Sayles' Ann. Civ. St. 1897, art. 3008, requiring a refunding bond in such cases.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–334; Dec. Dig. § 148.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by E. G. Hicks against J. E. Murphy and another. From an order dissolving a temporary injunction, the plaintiff appeals. Affirmed.

See, also, 150 S. W. 955.

MOURSUND, J. This is an appeal from an interlocutory order dissolving a temporary injunction, which restrained C. W. Kuykendall from selling certain lands as substitute trustee under a deed of trust. There is no statement of facts in the record, and we are confined to the consideration of questions arising upon the pleading.

Appellant's first contention is that the court had no authority to dissolve the temporary injunction because no answer was filed, but merely a motion to dissolve. The instrument is styled, "Motion to Dissolve Injunction," and is so referred to by the court. It begins as follows: "Now come J. E. Murphy and C. W. Kuykendall, the defendants herein, and, moving the court to dissolve and vacate the injunction issued upon the defendants herein, would show to the court." Then follow the allegations intended as denials of the material allegations of the petition, and the prayer for dissolution of the injunction and for general relief. It is verified by the oath of one of the defendants. No exceptions were filed to the form of this instrument, nor any question raised in the lower court in regard to its sufficiency as an answer, but issue was joined and

---

evidence introduced as shown by the judgment of the court.

[1] In the case of Smith v. Palo Pinto County, 128 S. W. 1193, the court held it was unnecessary to file a separate motion to dissolve the injunction; that the prayer in the answer for such relief was sufficient. In that case the pleading was styled an answer. In this case it was styled a motion to dissolve, but there was no difference in substance, and, in the absence of objection in the lower court, we hold the instrument filed in this case sufficient as an answer. Nor do we agree with appellant's contention that the case of Dawson v. Baldridge, 55 Tex. Civ. App. 124, 118 S. W. 593, is authority for a contrary holding. In that case the court considered a verified motion to dissolve as an answer, but held that it was not an answer such as equity requires, in that it did not contain a full and unequivocal denial of all the material allegations of plaintiffs' petition.

[2] Appellant's second contention is that, if the motion to dissolve be considered as an answer, then that same does not deny all the material allegations of the petition, and leaves sufficient uncontroverted to entitle appellant to the injunction. He says the petition alleges that Mrs. Herriott, who held the two notes payable to defendant Murphy, as collateral to secure the payment of his note to her for $1,500, did not join said Murphy in the selection and designation of Kuykendall as substitute trustee, and that the deed of trust under which the sale was sought to be made by Kuykendall contained the usual power of sale, and the usual stipulation providing for the substitution of trustees in case the original trustee should die, become disqualified, or be unable to act, etc. We find the petition alleges that the two notes payable to defendant Murphy, one for $4,500 and the other for $4,477, secured by a deed of trust on the land in McMullen county, Tex., sought to be sold by Kuykendall, are held by Mrs. Herriott as collateral to secure the payment of Murphy's note to her for $1,500; that neither she nor any authorized agent of hers ever made any request for the sale of the land under the deed of trust; and that Murphy acted wholly without right or authority under the terms of the deed of trust when he attempted to appoint Kuykendall as a substitute trustee under the terms of said instrument, and when he requested Kuykendall to advertise and sell the land to satisfy said two notes, and for said reasons the attempt of said Kuykendall to sell said land was in violation of law and of plaintiff's rights as the owner of the land. We find no allegation setting out or describing the provision, if any, contained in said deed of trust with respect to the appointment of a substitute trustee. We do not know from the perusal of the petition whether any request by Mrs. Herriott was required before the original trustee could sell, nor do we know what provision was made for the appointment of a substitute trustee. True, the petition sets out the conclusion of the pleader that Murphy acted wholly without authority or right under the terms of said deed of trust when he attempted to appoint Kuykendall as substitute trustee, and requested him to sell the land. "The petition for an injunction should state all and negative all, which is necessary to establish a right." Moss v. Whitson, 130 S. W. 1035; Gillis v. Rosenheimer, 64 Tex. 243; City of Paris v. Sturgeon, 50 Tex. Civ. App. 522, 110 S. W. 459; Cotulla v. Burswell, 22 Tex. Civ. App. 329, 54 S. W. 614. It is necessary to allege such facts as show a want of authority. The conclusion of the pleader is not sufficient. Moss v. Whitson, supra. There are no facts pleaded by plaintiff from which we can determine whether or not the deed of trust authorized Murphy, even though he had parted with the title to the notes, to appoint a substitute trustee, and request him to proceed with the discharge of his duties as such trustee. Our law prescribes no form for deeds of trust, nor does it stipulate that a sale of notes secured by such an instrument carries with it the power to appoint a substitute trustee. The power to sell is strictly construed, and the deed of trust might give the power to appoint a substitute trustee solely to the payee of the notes. We conclude that the allegations of the petition are insufficient to authorize an injunction on the ground of the failure of Mrs. Herriott to appoint or join in the appointment of the substitute trustee and to request him to sell. It is therefore only necessary to determine whether the allegations of the answer aid those of the petition so as to make a case for plaintiff.

[3] The answer denies that the defendant Murphy had no right to foreclose the notes and deed of trust, or that Mrs. Herriott did not know of his foreclosure of said notes, and says he had an arrangement with her through her authorized agent, C. P. Stafford, allowing and permitting him to foreclose upon said land for the notes described in plaintiffs' petition, and that he had an agreement in writing, placed of record in McMullen county, Tex., on April 20, 1912, showing his right to proceed and foreclose said notes, and that for all the purposes of this foreclosure he is the owner and holder of said notes, the same having been turned over to his attorney, C. A. Davies, by C. P. Stafford, agent of Mrs. Herriott, and the said C. P. Stafford having authorized C. A. Davies to act for and in his behalf in protecting him in the said foreclosure. We find no admission in this answer that the deed of trust required Mrs. Herriott to appoint a substitute trustee, nor that it required her to make request for sale before such sale could be made. It denies that Murphy had

no right to foreclose the notes and deed of trust, then sets up an agreement, concerning the terms of which we are left in the dark, and states the conclusion of the pleader that said agreement is sufficient to vest the title to the notes in Murphy for the purpose of foreclosure. This answer in our opinion would not be sufficient if the petition showed the provisions of the deed of trust to be such that the legal holder of the notes had to appoint the substitute trustee and that such appointment had to be made in writing, because such power is strictly construed, and appellant would be entitled to have the sale made in strict compliance with the terms of the deed of trust. The answer, however, is not such an admission as supplies the allegations wanting in the petition, and we hold that appellant is not entitled to a reversal upon his second contention.

[4] Appellant's third contention is that the temporary injunction dissolved below was one restraining the collection of money within the meaning of article 3008, Sayles' Civ. Stat., and a refunding bond should have been required of appellees. The prayer was for an injunction restraining each of the defendants from selling or further attempting to sell under the terms of said deed of trust any part of the lands described. The writ of injunction copied in the record was strictly in accordance with the prayer, except that it was directed only to defendant Kuykendall. Appellant failed to ask that the defendants be restrained from negotiating or collecting the notes, and the injunction granted does not prohibit Murphy from suing Womack, the maker of the notes, to collect same, nor, if Mrs. Herriott is the legal owner and holder as contended by appellant, would it prevent her from appointing a substitute trustee, and having the land sold under the deed of trust to satisfy the notes. The refunding bond required by statute is required to be in double the sum enjoined, and the same cannot be required unless the collection of some sum is enjoined, and the same is stated with such certainty that the amount of the bond can be fixed.

We conclude the court did not err in failing to exact a refunding bond as a condition precedent to dissolving the injunction.

We find no error in the record, and the judgment is affirmed.