WEAVER v. EMISON et al.

(Court of Civil Appeals of Texas. El Paso. Feb. 8, 1913. Rehearing Denied Feb. 26, 1913.)

1. QUIETING TITLE (§ 10*)—RIGHT OF PLAINTIFF—RECORD TITLE.

As a rule, injunction will be granted to prevent a cloud being cast upon a title to realty, when the evidence upon which plaintiff's right depends is not of record, or shown by the instruments upon which it depends.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 36–42; Dec. Dig. § 10.*]

2. INJUNCTION (§ 118*)—ALLEGATIONS OF PETITION.

The allegations of a petition for injunction must both aver all facts upon which the right to the injunction depends and negative all facts which would defeat relief; the rule that the allegations will be taken more strongly against the pleader being especially emphasized, in that respect, in an action for an injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. MORTGAGES (§ 154*)—MORTGAGEE AS BONA FIDE PURCHASER—NOTICE.

Where the recorded deed under which the grantor in a trust deed held conveyed both the legal and equitable title, in the absence of circumstances sufficient to give the beneficiary notice that another claimed an interest in the land, she could rely upon the trust deed as conveying both the legal and equitable title.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 344–353; Dec. Dig. § 154.*]

Appeal from District Court, Brewster County; W. C. Douglas, Judge.

Action by J. T. Weaver, Jr., against Mrs. John Emison and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. D. Martin, of Alpine, for appellant. J. C. Brooke, of Alpine, for appellees.

McKENZIE, J. This is an appeal from an order of the district court of Brewster county, refusing a writ of injunction.

Appellants sought to enjoin a sale, under

deed of trust, of certain town lots situated in Alpine, Brewster county; the deed of trust having been executed by J. T. Weaver, Sr., to J. C. Brooke, as trustee, to secure payment of a $1,280 note in favor of Mrs. John Emison. Mrs. John Emison, J. C. Brooke, J. T. Weaver, Sr., Mary Garcia Pearson, and George P. Pearson were named defendants. In the petition for injunction it is alleged that on May 23, 1907, W. L. Means conveyed the lots in question to plaintiff and his father, J. T. Weaver, Sr.; the consideration for said conveyance being paid for with the community funds of his father and mother. In November, 1909, the mother died, and the undivided half of the property was inherited by the plaintiff and his married sister, Mary Garcia Pearson; they being the sole heirs of their mother. On September 12, 1910, the plaintiff, joined by his wife, deeded the lots in question to his father, which deed was duly filed for record in Brewster county. Said deed was intended by plaintiff to convey only the bare legal title; the lots having been purchased by him with community funds, and being held by him in trust for his father and mother. The deed of trust and the note in question were executed January 2, 1912; the note falling due July 2, 1912, and being unpaid. The property was advertised for sale under the provisions of the deed of trust.

It was further alleged that the deed of trust was valid only as to an undivided one-half of the property as owned by J. T. Weaver, Sr., and void as to the undivided one-half as owned by plaintiff's mother, which, it was claimed, descended to the plaintiff and his sister; that if the sale should be permitted "it will cast a cloud upon the title which the plaintiff and defendant Mary Garcia Pearson own in said property, and will entail upon them great expense in order to recover said property, and will also interfere with their peaceable possession and enjoyment of said property; that the sale would greatly embarrass plaintiff and impose upon him irreparable injury; that, said deed of trust having been executed upon the whole of said property, said trustee would not be authorized to sell any other portion than the whole of said property, inasmuch as said deed of trust provides for the sale of said property as an entirety; that the value of said property as a whole is reasonably worth the sum of $3,000, but if sold at trustee's sale, as it is proposed to do, it would sell for a much smaller sum, the net proceeds of which would be much less than that required to discharge the indebtedness, and the property would be thereby sacrificed to the injury of plaintiff." The petition concluded with the prayer for an injunction, restraining the sale of the property.

The cause was set for hearing, and the defendants Mrs. John Emison and J. C. Brooke filed their answer under oath, alleging,

among other things, that the deed from plaintiff and his wife to J. T. Weaver, Sr., was absolute upon its face, conveying both the legal and equitable title to said land, and recited a paid consideration of $1,500, which deed was duly recorded, and that nearly two years thereafter, to wit, on January 2, 1912, J. T. Weaver, Sr., executed the note and deed of trust, and at the time of the execution of the said deed of trust the said Weaver, Sr., represented to them that the lots belonged to him as his individual property, and that neither of them had notice or knowledge, at or prior to the execution of the deed of trust, of plaintiff's alleged claim of interest or title in said lots. The hearing was had upon the petition and answer. The defendants J. T. Weaver, Sr., Mary Garcia Pearson, and George P. Pearson do not appeal.

[1, 2] It is contended by appellant that an injunction will be granted to prevent a cloud being cast upon the title to real estate, when the evidence upon which the right depends is not of record, or shown in the papers through which the right depends. Generally this is true; but, in order to warrant the granting of an injunction, the allegations in the petition should state all and negative all which is necessary to establish the right. "The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief. Carter v. Griffin, 32 Tex. 212; Martin v. Sykes, 25 Tex. Supp. 197." Harrison v. Crumb, 1 White & W. Civ. Cas. Ct. App. § 992; Gillis v. Rosenheimer, 64 Tex. 243; Cotulla v. Burswell, 22 Tex. Civ. App. 329, 54 S. W. 614; City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459.

[3] Appellant failed to allege in his petition that, at the time when Mrs. John Emison accepted of J. T. Weaver, Sr., the deed of trust to the lots in question to secure the payment of the note, she had notice of his claim of an interest in or title to said lots. The deed from him to his father purports to convey, not only the legal title, but the equitable title as well; and, the deed being placed of record, in the absence of any notice on the part of Mrs. Emison, or in the absence of any circumstance sufficient to place her upon notice of the claim of the appellant, she would be entitled to rely upon said deed as conveying all the title, both legal and equitable, as was owned by the appellant. As stated in Cotulla v. Burswell, supra, not only must the petition state all that is necessary to establish a right, but must negative any

reasonable inference arising from the fact stated that the applicant for injunction is not entitled to it. We are therefore of the opinion that the court did not err in refusing to grant the injunction, and the judgment will be in all things affirmed.

HIGGINS, J., being disqualified, did not sit in this cause.