### KING et al. v. DRIVER et al.

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1913.)

1. INJUNCTION (§ 118*)—ALLEGATIONS OF PETITION—CERTAINTY.

A petition for an injunction must negative every reasonable inference, arising from the facts alleged, that petitioner might not be entitled to relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

2. INJUNCTION (§ 118*)—SUFFICIENCY OF PETITION.

Where the petition, in a suit to restrain defendant from depriving plaintiffs of the right to enjoy an easement in property under a contract which provided that the easement was granted with the express agreement that plaintiffs should not use the stairway so as to injure defendant's property or annoy him or his tenants, did not negative any possible inference that plaintiffs had violated such provision, the injunction should not have been granted.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

3. EASEMENTS (§ 12*)—CONVEYANCE.

An easement over land is such an interest in land as must be conveyed with the same formality as is required in a conveyance of a fee, including an acknowledgment by a married woman.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 35–38, 41; Dec. Dig. § 12.*]

4. HUSBAND AND WIFE (§ 194*)—CONVEYANCES OF WIFE—ACKNOWLEDGMENT.

A deed conveying a wife's separate real estate must be duly acknowledged to be valid, under the direct provisions of Rev. St. 1895, art. 635.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 726; Dec. Dig. § 194.*]

5. HUSBAND AND WIFE (§ 198*)—SEPARATE PROPERTY—CONVEYANCE—ESTOPPEL TO ASSERT INVALIDITY.

In the absence of positive fraud, a married woman is not estopped to deny the validity of her conveyance of an easement in her separate property, on the ground that she did not acknowledge the conveyance by having received money or other benefit under the transaction.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 733, 944; Dec. Dig. § 198.*]

6. HUSBAND AND WIFE (§ 182*)—NATURE OF INTEREST.

It cannot be claimed that because a house upon land which was a married woman's separate property was built with community funds, a grant of the perpetual use of a passageway in the house was not an attempt to convey an interest in the wife's real estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 714, 715, 719; Dec. Dig. § 182.*]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by J. H. Driver and others against Nettie G. King and another. From a judgment for plaintiffs, defendants appeal. Reversed, and judgment rendered for defendants.

J. M. Mothershead, of San Benito, and Graham, Jones, West & Dancy, of Brownsville, for appellants. James B. Wells and Harbert Davenport, both of Brownsville, for appellees.

TALIAFERRO, J. This is an appeal from an order of the judge of the district court of Cameron county, Tex., in vacation, granting a temporary injunction restraining appellants, Nettie G. King and W. O. King, defendants below, from depriving appellees, plaintiffs below, of their alleged right to reasonable ingress and egress to and from

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the second story of a certain building owned by appellees in the town of San Benito, over and through a certain stairway in a building situated on an adjoining lot, alleged to be owned by defendant Nettie G. King, which right is alleged to have been secured by virtue of two certain contracts, which were, in substance, as follows: In one, the appellants, Nettie G. King and her husband, conveyed to appellee Driver a perpetual right of passage for himself and his tenant, F. C. Van Ness, through a hall in a house to be built by them upon separate property of the wife. In consideration of the grant of this easement appellants were conveyed a half interest in a portion of the brick wall of appellee's adjoining building. This contract was signed by King and his wife and by Driver, but was not acknowledged by any of them. The other contract was signed by Driver, Van Ness, and King, but was not signed by Mrs. King. It was an agreement by King to construct the passage or hall in a certain manner, so that it would be suitable for the easy passage of appellees, Driver and his tenant, Van Ness, to and from their own premises. It also renewed the agreement and conveyance of the easement or right of way through the house to appellees. This contract, however, concluded with these words: "This easement is granted with the express agreement that second parties and their tenants shall not use said stairway in a way to injure first party's property or to annoy him or his tenants and this provision shall be construed as a condition precedent in making this grant."

[1, 2] Appellees, in their petition, nowhere allege that the passage was not or had not been used by them "in a way to injure" appellants' property "or to annoy them or their tenants." The rule in Texas now is established that in petitions for injunction the allegations "must negative every reasonable inference arising upon the facts so stated, from which it might be deduced that petitioner might not, under other supposable facts connected with the subject, be entitled to relief." Schlinke v. De Witt County, 145 S. W. 665, and cases cited; Hicks v. Murphy, 151 S. W. 845, and cases cited. This writ of injunction was granted without a hearing, and must be here determined upon the pleadings alone. The above clause in the contract, set out in the petition itself, reveals a fact from which it is easily supposable that appellees were not entitled to the extraordinary relief sought, and the trial court should have refused the writ.

[3, 4] The petition further shows upon its face that the land over which appellees attempted to grant an easement was the separate property of Nettie G. King, a married woman, and that the instrument, though signed by her, is not verified by her separate acknowledgment in statutory form. That an easement over land is such an interest in the land as to require in its conveyance the same formality as is necessary for the conveyance of the fee is too well settled for discussion. T. & P. Ry. Co. v. Durrett, 57 Tex. 48; Shepard v. Railway Co., 2 Tex. Civ. App. 535, 22 S. W. 267; Toyaho Creek Irrigation Co. v. Hutchins, 21 Tex. Civ. App. 275, 52 S. W. 101; s. c., 93 Tex. 675, 52 S. W. 101; City of San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 417, 44 S. W. 476. And it is statutory that the conveyance of a wife's separate real estate is valid only when made by deed duly acknowledged. R. S. 1895, art. 635; T. & P. Ry. Co. v. Durrett, 57 Tex. 48.

[5, 6] Nor is Mrs. King estopped by reason of having received money or a benefit from the transaction. "To estop a married woman from asserting her rights to land it is essential that she should be guilty of some positive fraud, or else of some act of concealment or suppression, which in law would be equivalent thereto." McLaren v. Jones, 89 Tex. 135, 33 S. W. 851, and cases cited. There is no allegation that Mrs. King was guilty of any fraud or misconduct in this case.

Appellees insist that since the house built upon the land was built with community funds, and the grant was only for the use of a passageway in this house, it did not attempt to convey an interest in the wife's real estate, and was therefore valid, although the grant purported to convey a perpetual use. We have been cited to no authorities sustaining this proposition, nor have we found any. Besides the record does not show that the house was built with community funds.

The judgment of the lower court is reversed, and judgment here rendered that the temporary injunction granted by that court be dissolved.