KING et al. v. DRIVER et al.   (No. 5599.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1916. On Motion for Rehearing, March 1, 1916.)

1. PARTY WALLS ⬅➔7—AGREEMENTS—COMPENSATION.

Where plaintiff consented to defendants using the wall of his building as a party wall for a structure they erected on the other side, and plaintiff received full compensation, he cannot enforce an agreement of the feme defendant, made by her husband, that he should have the use of a stairway in defendants' building.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 19–23; Dec. Dig. ⬅➔7.]

2. SET-OFF AND COUNTERCLAIM ⬅➔41—SUBJECT-MATTER OF SET-OFF.

A husband who obtained money from plaintiff on fraudulent representations cannot set off, as against an action for that sum, injuries to his wife's property by plaintiff.

[Ed. Note.—For other cases, see Set-off and Counterclaim, Cent. Dig. §§ 76–79, 81; Dec. Dig. ⬅➔41.]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by J. H. Driver and another against Nettie G. King and another. From the judgment, defendants appeal. Reversed and rendered in part and in part affirmed.

See, also, 160 S. W. 415.

---

Graham, Jones, West & George, of Brownsville, for appellants.

FLY, C. J. This is a suit instituted by J. H. Driver and F. C. Van Ness, the appellees herein, against Nettie G. King and W. O. King, appellants, alleging that Driver owns a certain lot or parcel of land in the town of San Benito, on which there was a two-story brick building, and that Van Ness had a two-story brick building on a parcel of land lying directly south of Driver's lot and building; that Nettie G. King owns a certain parcel of land lying directly north of and adjoining the land of appellees; that prior to March 23, 1911, appellants' were desirous of erecting a one-story building on the premises of Nettie G. King, and sought to obtain from appellee, Driver, the right to use his north wall as a partition wall, and Nettie G. King executed a promissory note for the amount agreed upon for use of the wall, but afterwards, desiring to erect another story on the building, represented to said Driver that if he would convey to her a one-half interest in the wall, that she would so erect her building that a stairway to be constructed by her would serve as an entrance to the second story of Driver's building; that the building and stairway was erected by Nettie G. King as contracted by her, and she, together with her husband, signed a contract embodying the terms of the agreement between the parties. It was alleged that after the erection of the stairway the said Nettie G. King began to deny free use of the same to said Driver and his tenants, and afterwards completely deprived said persons of the right to use said stairway. It was alleged that Nettie G. King had not executed the contract so as to bind her as a married woman, but that she was estopped to deny her obligations under the agreement. Damages were prayed for against W. O. King for falsely representing that he owned the land and house. An injunction was prayed for against Nettie G. King to restrain her from preventing the use of the stairway and hall. Judgment was not prayed for in any sum of money against Nettie G. King. The cause was tried by the court, and judgment rendered against W. O. King alone for $50, with legal interest from March 11, 1911, in favor of Van Ness, and against W. O. King and Nettie G. King in favor of Driver for $123, with legal interest from March 23, 1911, and Nettie G. King was quieted in her title to one-half the north wall of Driver.

[1] There was no prayer for judgment against Nettie G. King in any sum of money, and, according to the testimony of Driver, the lower wall had been paid for, and nothing was due on the upper wall. Upon what theory he can recover from appellants does not appear in pleadings or evidence. The note given for use of the upper wall was paid, and there is no allegation that Nettie G. King agreed to pay appellees any sum. The note for $123, which was given for the upper wall, was executed by W. O. King alone, and was fully paid. Driver swore that not a cent was to be paid on the upper wall. It is admitted that Mrs. King was not bound by the contract as to the upper floor, and it was so held on a former appeal of this case. 160 S. W. 415. It was also held that Mrs. King was not estopped to deny her liability by any acts alleged or proved against her, and that ruling applies to the facts on this appeal. The evidence shows that Driver knew that Mrs. King was a married woman, and knew that W. O. King, in making the contract as to the upper wall, was endeavoring to deceive his wife. There was no allegation that one-half of the upper wall had ever been conveyed by Driver to Mrs. King. Driver swore that the note for the upper wall was paid, and that no note was given for the lower wall. The suit is based on matters connected with the upper wall, for Driver swore that the contract in regard to the lower wall was annulled by the contract for the upper wall. Driver swore: "I have been paid for the upper wall."

[2] W. O. King managed to obtain $50 from Van Ness on fraudulent representations, and he should be compelled to repay that sum. He cannot offset that sum by any injuries arising from the way in which Van Ness may have used his wife's property.

The judgment will be reversed, and judgment here rendered that J. H. Driver take nothing by his suit, as to both appellants; that Nettie G. King be quieted in her title to one-half the wall; that F. C. Van Ness take nothing by his suit as to Mrs. Nettie G. King, but that he recover of W. O. King the sum of $50; and that appellants recover of appellees all costs in this behalf expended in this and the lower court.

On Motion for Rehearing.

The motion for rehearing by J. H. Driver is overruled, but as between F. C. Van Ness and W. O. King our former ruling will be so corrected as to affirm the judgment of the lower court. By that change it follows that Van Ness should recover from W. O. King his interest and costs as provided in the judgment of the trial court.

⚖➥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes