SANTA FÉ TOWN-SITE CO. et al. v. NORVELL. (No. 149.)

(Court of Civil Appeals of Texas. Beaumont. June 1, 1916.)

1. HIGHWAYS ⟐⟐155—ENJOINING OBSTRUCTION—PRIVATE PARTY—RIGHT UNDER JUDGMENT.

Plaintiff, having by the judgment in a prior suit against defendant been granted an easement in a road, need not have suffered injury or inconvenience differing from that suffered by other individuals and the public generally to maintain a suit in his own name to enjoin defendant's interference therewith.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 432–436; Dec. Dig. ⟐⟐155.]

2. HIGHWAYS ⟐⟐156 — OBSTRUCTION — PERSONS ENJOINED.

That plaintiff in a suit against T. had judgment requiring T. to lay out a road, and giving plaintiff an easement therein, gives plaintiff no right to have S. enjoined from obstructing the road where it passes through his property; it not being shown that title thereto was acquired against him.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 420–422; Dec. Dig. ⟐⟐156.]

3. INJUNCTION ⟐⟐143(2)—EX PARTE ORDER—PETITION.

To authorize the granting of an injunction on an ex parte hearing, the petition must not only show just grounds for relief, but must expressly negative any possible hypothesis on which defendant might lawfully do the act complained of, so that, not only the acquisition by plaintiff under a judgment of rights interfered with by defendant should be alleged, but it should be alleged that they are still existing or in force, or that plaintiff has not forfeited or otherwise relinquished them.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315; Dec. Dig. ⟐⟐143(2).]

4. INJUNCTION ⟐⟐143(2)—EX PARTE ORDER—CHANGING STATUS—NECESSITY.

Granting an ex parte mandatory injunction changing the status quo is authorized only where great and irreparable injury might follow delay for notice and hearing, and therefore not by inconvenience in having to travel by a less direct route.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315; Dec. Dig. ⟐⟐143(2).]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by W. J. Norvell against the Santa Fé Town-Site Company and others. From adverse orders, the named defendant and another appeal. Reversed and remanded.

Oliver J. Todd and W. G. Reeves, both of Beaumont, for appellants. V. A. Collins, of Beaumont, for appellee.

CONLEY, C. J. This was a suit filed on the 19th of April, 1916, in the district court of Hardin county by W. J. Norvell against the Santa Fé Town-Site Company, J. L. Sei-

bert, J. G. Reeves, and Sam Littlepage, for an injunction, and upon presentation of the application therefor to the judge of said court, and without previous notice or a hearing, a temporary injunction was granted, which injunction was subsequently modified and supplemented, also without notice, and from this action of the court the defendants Santa Fé Town-Site Company and J. L. Seibert appealed.

The petition, in substance, contains the following allegations: That plaintiff is the owner of property in what is known as South Silsbee, or Woodrow, in Hardin county, and therefore is interested, along with other citizens owning property and residing at Woodrow, in maintaining a public highway from said Woodrow to the nearest railroad station, which is the railroad station at Silsbee; that plaintiff and others had secured a decree of the district court of Hardin county against the defendant Santa Fé Town-Site Company, which decree was set forth in the petition, and which required said company to lay out a road, and that said road was laid out by said company and accepted by the commissioners' court, and that the commissioners' court assumed charge and control of the highway, appointing overseers therefor, which acts were alleged to have had the legal effect of effectually dedicating it as a public highway, and to all intents and purposes made said road a public highway of Hardin county; that said road had been graded, except through the property of the defendants John G. Reeves and Sam Littlepage, and it was alleged that they, by threats of violence, had prevented the grading of the road through their property, and that the defendant J. L. Seibert, acting for himself, or for himself and the Santa Fé Town-Site Company, in utter disregard of the rights of the plaintiff and other citizens at Woodrow, had taken possession of the road and had obstructed the same, and, although often requested by the plaintiff and other citizens to remove said obstacles, had refused to do so. The petition also contains a meager allegation that by reason of the judgment that he (plaintiff) had acquired an easement in and to said road perpetual in its nature. An injunction was prayed for restraining further obstructions and preventing interference with the road, as well as a mandatory order commanding the removal of the alleged obstructions placed in the road by the defendant J. L. Seibert.

The court made an order ex parte that upon the plaintiff filing bond in the sum of $500 that the clerk was ordered to issue process restraining the defendants from further obstructing the road, and upon motion of plaintiff said order was supplemented by a peremptory mandatory injunction entered ex parte against the Santa Fé Town-Site Company and J. L. Seibert, which is as follows:

"That the Santa Fé Town-Site Company and J. L. Seibert and both of them, their agents and servants, are hereby directed and commanded by the court immediately to remove from and off of said road the fences and obstructions placed thereon by them, or either of them, or their agents or servants, and to restore said road to the status and condition in which it was when they so obstructed it."

These proceedings all being ex parte, the defendants did not answer or answer, and the appeal is based solely on plaintiff's petition and the orders entered thereon.

[1] Appellants' first assignment of error attacks the orders of the trial court upon the ground that the petition showed no right to the relief granted, in this: That the suit purports to enjoin an alleged interference with and to compel the opening of an alleged public highway, and avers no fact showing any injury peculiar to the plaintiff and different from that suffered by the public generally.

While it may be conceded as a general proposition of law that a private individual suffering no injury or inconvenience differing from that suffered by other individuals and the public generally cannot maintain a suit in his own name to redress an alleged interference with a public easement, still this suit is not entirely one of that nature. From the judgment set out in the petition it would appear that the plaintiff in this cause had obtained in a prior suit in the district court of Hardin county against the Santa Fé Town-Site Company an easement in said road, and therefore his rights are not dependent upon any special injury suffered by him or an injury other than that suffered by the public generally. • His right in and to said road is not based upon the right of citizens generally to use public roads dedicated by the duly constituted authorities for that purpose, but finds its support in the judgment of the court theretofore rendered, giving him a personal right to the use of said road. Any breach of that right by the Santa Fé Town-Site Company would be the basis for a suit.

The first assignment of error is therefore not well taken, and it is overruled.

[2] Under the second assignment of error appellants contend that there were no allegations warranting the relief against the defendant J. L. Seibert, because it specially appears from the petition that he is not charged as having been a party or privy to the alleged judgment, by which the alleged road is averred to have been laid out, and it is not alleged that, in so far as his property is concerned, the same was ever condemned or otherwise acquired legally, or that he was compensated therefor. And he therefore had the right to fence his own property and exclude the public, and thereby prevent his title being acquired or claimed by prescription.

An examination of the petition discloses that the plaintiff merely alleged that the de-

fendant Santa Fé Town-Site Company was compelled by a judgment entered in 1908 to lay out a road, and that under that judgment plaintiff had acquired a perpetual easement, that it did lay out the road, and that the commissioners' court had assumed jurisdiction over it, and the public has used it since it has been laid out by the defendant Santa Fé Town-Site Company. It expressly appears from the judgment set forth in the petition that J. L. Seibert was not a party to that judgment, nor does it appear that he acquired the land from the Santa Fé Town-Site Company with notice of the easement fixed thereon by said judgment. No authority is shown on the part of the Santa Fé Town-Site Company by which it could have laid out a road to cross the defendant Seibert's property. No condemnation proceeding, purchase, or other act acquiring his property is alleged, and, if the alleged adverse use had commenced and been continuous since the 28th day of April, 1908, when the alleged judgment was entered, no prescriptive right could have been acquired before the full expiration of the ten-year statute. There is no allegation of any kind in the petition which states any reason why the defendant J. L. Seibert should have been enjoined from inclosing his property and obstructing the road in controversy. Therefore appellants' second assignment of error is well taken, and is sustained.

[3] In the third assignment of error the contention is made that the court erred in granting the injunction against the Santa Fé Town-Site Company because the allegations are insufficient to show the legal laying out or acquiring by the public of any valid easement as against said Santa Fé Town-Site Company, and because the allegations do not negative the fact that said road may have been abandoned by the commissioners' court in Hardin county, and does not allege a continuation or existence of the alleged rights if plaintiff had any rights under said judgment.

As heretofore stated, we think the judgment in favor of the plaintiff rendered in 1908 had the effect of granting to the plaintiff an easement in the road, and for that reason plaintiff's rights are not dependent upon the legal laying out or acquiring by the public of any valid easement therein. However, the law seems to be well settled under the authorities in this state that in order for courts to lawfully grant an injunction upon an ex parte hearing the allegations must not only show just grounds for relief, but must expressly negative any possible hypothesis upon which the defendants might lawfully do the act complained of. Gillis v. Rosenheimer, 64 Tex. 243; Carter v. Griffin, 32 Tex. 213; Weaver v. Emison, 153 S. W. 923; King v. Driver, 160 S. W. 415; Kell Milling Company v. Bank of Miami, 168 S. W. 46.

In the case of Gillis v. Rosenheimer, supra, the Supreme Court said:

"The petition for injunction should state all and negative all which is necessary to establish a right. The rule is correctly stated in Harrison v. Crumb, White & Wilson Circuit Court Appeals, § 992, as follows: 'The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, and from which it might be deduced that he might not, under other supposable facts connected with this subject, thus be entitled to relief.'"

The rule is further illustrated in the case of King v. Driver, 160 S. W. 416. In that case the court said:

"Appellees in their petition nowhere allege that the passage was or had not been used by them 'in a way to injure' appellant's property 'or to annoy them or their tenants.' The rule in Texas now is established that in petitions for injunction the allegations 'must negative every reasonable inference arising upon the facts so stated from which it might be deduced that the petitioner might not under other supposable facts connected with the subject be entitled to relief,' Schlinke v. De Witt County, 145 S. W. 665, and cases cited. This writ of injunction was granted without a hearing, and must be here determined upon the pleadings alone. The above clause in the contract, set out in the petition itself, reveals the fact from which it is easily supposable that appellees were not entitled to the extraordinary relief sought, and the trial court should have refused the writ."

Nowhere is it alleged in the petition that the rights acquired under the judgment of 1908 are still existing and in force and effect, or that plaintiff has not forfeited or otherwise relinquished his rights thereunder. Under the authorities above referred to this was a necessary and vital allegation.

It is also contended under this assignment of error that the facts alleged in the petition of the plaintiff do not show a valid easement against the Santa Fé Town-Site Company, because the district court, in rendering the judgment of 1908, was without jurisdiction to lay out a road, and the laying out of said road under compulsion could not amount to a valid dedication or the creation of a contract, and the alleged use is insufficient to have created an easement, even as against the Santa Fé Town-Site Company.

An inspection of the recitations in the judgment of 1908 supports the inference that it was rendered on a breach of a contract existing between the Santa Fé Town-Site Company and the plaintiff in this cause, and that the court was simply adjudicating individual rights based upon said contract, and was not usurping the jurisdiction of the commissioners' court in laying out a public highway. However, the allegations in the pleading on this subject, being meager, and the view which we take of the case making it unnecessary to decide the question involved, we do not at this time think it necessary to consider it. However, for the reasons herein stated, the third assignment of error is well taken, and the same is sustained.

[4] Under the fourth assignment of error, it is contended:

"That the action of the learned trial court was further erroneous in this, that the said court, without citation or notice to the defendants without their appearance or answer, and without hearing said defendants, or giving them an opportunity to be heard, pronounced, in a preliminary ex parte hearing, a judgment divesting the possession of the defendant Scibert and commanding him to remove a fence inclosing his property, without either allegation of any right on the part of the plaintiff as against said Scibert, or any allegation showing a wrong on the part of said Scibert, and without any allegation whatsoever showing any immediate necessity or irreparable injury to said plaintiff, if action had been postponed pending a hearing, and the effect of said judgment is to try the merits of the case prior to service and without a hearing."

It is the spirit of our laws not to condemn a man without giving him his day in court. In many jurisdictions it is the settled rule that the right to grant an ex parte injunction is limited to the preservation of the status quo pending a hearing, and that the court is always without jurisdiction to grant ex parte and mandatory orders changing the status quo. This rule, however, in Texas has been modified to some extent, which allows the granting of such order under extraordinary circumstances, and where great and irreparable injury might follow if delay was incurred by reason of giving notice and fixing a hearing on such order.

In the case of Chaison v. McFaddin, Wiess & Kyle Land Company, 56 Tex. Civ. App. 611, 121 S. W. 716, an irrigation canal was cut and obstructed, and through which canal the crops were to be irrigated, and, if such crops had not received water during the time pending a hearing, they would have been destroyed, and irreparable injury done. Under such circumstances it was held that the court was justified in entering an ex parte order mandatory in its nature, commanding the removal of the obstruction.

All of the subsequent cases involving the issuance of such injunctions have declared in no unmistakable terms that such injunction can only be issued "in strong and mischievous cases of pressing necessity." Holbien v. De la Garza, 59 Tex. Civ. App. 125, 126 S. W. 43; Cartwright v. Warren, 177 S. W. 197; I. & G. N. Ry. Co. v. Anderson County, 150 S. W. 239.

The petition in this case does not disclose any reason why notice should not have been given before the issuance of so sweeping a writ as was ordered. It was aptly said by Judge Reese in the case of Holbien v. De la Garza, supra, that:

"'Andi alteram partems' is one of the maxims of the old civil law, and the doctrine that a man should not be condemned without a hearing is not only the instinct of justice, but this spirit breathes through the old system of common law, and especially through our system of equity, as distinguished from law, which seeks to temper the harshness of the common law and

bring it more in harmony with the principles of abstract justice. It is rarely, under our equity procedure in regard to the issuance of injunctions, that it becomes necessary to issue a temporary writ of injunction, even a merely prohibitory writ, without a hearing. If it appears necessary from the allegations of the petition that a defendant be stopped at once and without the delay necessary to give notice and an opportunity to be heard, a temporary restraining order may in all cases be issued compelling immediate cessation of the threatening injury until such time as may be reasonably required to allow the defendant to present his side of the case, which may change the whole aspect of the controversy."

The only "strong and mischievous case of pressing necessity" set forth in this petition calling for the issuance of so drastic a writ is simply the inconvenience that the plaintiff might suffer by reason of having to travel a road to the Silsbee depot, or other place or places by a route not as direct as the one in controversy. This inconvenience, we believe, is not of such vital importance and so destructive of the plaintiff's rights and so irreparable in its nature as to justify the learned trial court in granting all the relief prayed for ex parte and without permitting the defendants to present their side of the controversy.

The orders of the lower court heretofore entered in this cause are set aside and vacated, and this cause is remanded to the trial court; and it is so ordered.