WHITE et al. v. McFADDIN.    (No. 426.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 24, 1919.)

1. INJUNCTION &#8781;157 — TEMPORARY INJUNCTION—SCOPE—PLEADING.

Where temporary injunction is granted on ex parte hearing, all allegations, including the prayer for relief, should be construed strictly against the petitioner, and the relief granted should not be broader than the prayer.

2. INJUNCTION &#8781;118(2)—TEMPORARY ORDER —PLEADING—SUFFICIENCY.

Where a petition for injunction, to restrain defendants from driving petitioner's cattle from certain land, alleged that petitioner owned one-fourth of a designated section, but did not further describe same, it did not authorize an injunction.

3. INJUNCTION &#8781;118(2)—PETITION—SUFFICIENCY.

Where a petition for injunction to restrain defendants from driving petitioner's cattle from certain land failed to allege that petitioner was entitled to possession of the land, and did not negative the defendants' right to possession thereof under lease and to drive away cattle other than their own, it was error to grant a temporary restraining order on an ex parte hearing.

4. INJUNCTION &#8781;136(3) — TEMPORARY INJUNCTION—GROUNDS—DISCRETION.

Granting a temporary injunction restraining defendants from driving the petitioner's cattle away from certain land, without a hearing, was not such an abuse of the court's discretion as to constitute error, where it was alleged that the cattle could get water at no other place in the vicinity.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by W. P. H. McFaddin against R. M. White and others. From an order granting temporary injunction, defendants appeal. Injunction dissolved, and cause reversed and remanded.

Oliver J. Todd and W. G. Reeves, both of Beaumont, for appellants.

C. W. Howth, of Beaumont, for appellee.

WALKER, J. This is an appeal from an order of the district court of the Sixtieth district, granting a temporary injunction to the appellee, restraining the appellants from driving cattle from Texas & New Orleans section 185 and a quarter of Texas & New Orleans section 184; said order having been made on the ex parte application of appellee, and without any notice to appellants, and with no proof before the court except the sworn petition of appellee. Omitting formal parts, appellee's petition in full is as follows:

"Now comes W. P. H. McFaddin, a resident of Jefferson county, hereinafter styled plaintiff, complaining of R. M. White, Cade White, and Jack White, all of whom reside in Chambers county, Texas, styled defendants, for cause of action says:

"(1) That the plaintiff is the owner of T. & N. O. section 185 and one-fourth of T. & N. O. section 184, situated in Jefferson county, Texas.

"(2) That a part of Pignut gulley runs through and is situated upon T. & N. O. section 185 and contains the only water available for cattle for drinking purposes for miles around in that section of Jefferson county.

"(3) That the plaintiff is the owner of a large number of cattle now grazing upon said sections and adjoining sections, and that the defendants own cattle in Chambers and Jefferson county now grazing upon said sections and adjoining sections of land, and that the said cattle herd and commingle together.

"(4) That the defendants and each of them are now threatening to and will drive said cattle belonging to the plaintiff off of said section 185, or cause it to be done, in order to prevent the said cattle from obtaining the benefits of the water in Spindletop gulley on said section, and that he will do so unless restrained by this honorable court by writ of injunction, and that in the event he carries out said threat, the said cattle belonging to the plaintiff will die of thirst and the plaintiff will suffer an irreparable injury.

"Premises considered, the plaintiff prays that this court do issue and cause to. issue its writ of injunction commanding the defendants and each of them to restrain and desist from driving said cattle belonging to plaintiff off of said T. & N. O. section 185 and quarter of T. & N. O. section 184, or cause it to be done, and that the said cause be set down for hearing, and that the defendants and each of them be cited to appear and answer and show cause why said injunction should not be made permanent."

On this petition and prayer, the court granted the injunction in all things as prayed for as to section 185 and one-fourth of section 184.

Appellants' first assignment of error is as follows:

"The trial court erred in granting temporary injunction herein, as to section 185, because there was no prayer in plaintiff's petition for said relief."

[1] It will be noted from plaintiff's petition that he asked for no relief as to section 185. In petitions, other than petitions for injunction, this might not be error; but we think, in a suit of this character, where the relief is granted on an ex parte hearing, that all the allegations in the petition, including the prayer for relief, should be construed strictly against the pleader, and in no event should the relief granted be broader than the prayer.

[2] In his petition, appellee alleges that he owns one-fourth of T. & N. O. section 184, but does not designate which one-fourth, nor does he give any further description of the same.

Appellants' second assignment of error complains of the action of the court in granting the injunction as to the quarter section, on the ground that it is not described sufficiently to be identified. This proposition is sustained. It is error to grant an injunction affecting real estate, when the same is not described so that it can be identified.

[3] Appellants' third and fifth assignments of error are as follows:

Third: "The trial court erred in granting a temporary injunction herein, because plaintiff's petition did not show a cause of action against the defendants in this: That it did not allege in any manner whatsoever that plaintiff was entitled to the possession of any of the land described in his bill."

Fifth: "Plaintiff's petition is furthermore insufficient in that it does not negative the fact that defendants were entitled to the exclusive possession of the land in question by virtue of a lease or otherwise, and alleges no facts negativing the right of the said defendants to drive off cattle other than their own."

These assignments are well taken. In Gillis v. Rosenheimer, 64 Tex. 243, the Supreme Court announces the following rule for construction of pleadings in injunction suits of this character:

"The rule of pleading, that the statements of the party are to be taken most strongly against himself, is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising from the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." Gillis v. Rosenheimer, 64 Tex. 243; Santa Fé Townsite Co. v. Norvell, 187 S. W. 978; Carter v. Grif-

fin, 32 Tex. 213; Weaver v. Emison, 153 S. W. 923; King v. Driver, 160 S. W. 415; Kell Milling Co. v. Bank of Miami, 168 S. W. 46.

Chief Justice Conley, in Santa Fé Townsite Co. v. Norvell, supra, reviewed at some length the decisions of our Supreme Court as to the sufficiency of the petition to sustain an injunction granted on an ex parte hearing, and reaffirms the rule as announced above.

[4] Appellants' sixth assignment of error is that the court erred in granting this temporary injunction without a hearing.

We cannot sustain this proposition. While a temporary restraining order would have possibly protected plaintiff in his rights, still we do not think that the court's action in granting the temporary injunction is such an abuse of his discretion as to constitute error. Cattle must have water. The petition states that this water at Spindletop gulley is the only water within miles of sections 184 and 185.

We recognize the full force of the rule as stated in Santa Fé Townsite Co. v. Norvell, and other cases above cited, as well as in Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 45, Cartwright v. Warren, 177 S. W. 197, and I. & G. N. Railroad Co. v. Anderson County, 150 S. W. 239; yet, if the petition in this case was sufficient in all other respects to sustain the judgment, we would not be disposed to disturb it on this assignment.

For the errors above indicated, the injunction granted by the lower court is dissolved, and this cause is reversed and remanded, with instructions to proceed with the same according to the views herein indicated.