**GRAHAM et al. v. KNIGHT. (No. 2295.)**

(Court of Civil Appeals of Texas. Texarkana.
May 20, 1920.)

**1. Injunction ⬅118(1) — Petition of fence owners insufficient to entitle to relief.**

Petition for injunction by fence owners, alleging that defendant tore the fence down, converted the material to his own use, threatened to kill an owner, if he found him on the land, etc., *held* insufficient to entitle plaintiffs to injunction.

**2. Pleading ⬅8(6)—Allegation entry on land was unlawful and wrongful a conclusion.**

Allegation of petition of fence owners for injunction against defendant's interfering with their possession by tearing the fence down, etc., that defendant's entry on the land was unlawful and wrongful, *held* a mere conclusion of the pleader, and not entitled to force in construing the legal effect of the averments.

**3. Injunction ⬅172—Dissolution of temporary writ discretionary, where allegations denied by answer.**

The truth of the allegations of the petition for injunction, so far as material to the matter before the trial court, having been denied in the answer, the court, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4663, acted within his discretion when he dissolved the temporary writ.

Appeal from District Court, Bowie County;
H. F. O'Neal, Judge.

Suit by T. N. Graham and others against M. H. Knight. From a judgment dissolving a temporary injunction, plaintiffs appeal. Affirmed.

This appeal is by appellants, T. N. Graham, W. T. Williams, S. A. Raffaelli, W. W. Whitfield, and Susie Whitfield from a judgment rendered March 8, 1920, dissolving a temporary injunction theretofore granted restraining appellee, M. H. Knight, from disturbing 'them in their possession of certain land.

The hearing in the court below was on the pleadings of the parties, which were sworn to, and the affidavits of certain other persons, made a part of appellee's answer. In their petition appellants alleged that on November 17, 1919, and long prior to that time, they had the land fenced, were in actual possession of and using and enjoying it, and had leased it for the year 1920. They further alleged that on or about December 15, 1919, appellee unlawfully went upon the land and wrongfully tore down and removed the fence, converting the material therefor to his own use. They further alleged that on or about December 20 appellee threatened to kill appellant W. W. Whitfield if he "caught said Whitfield on said land again," and that the threat was seriously made, "for purpose," quoting, "of

intimidating the said W. W. Whitfield and the other plaintiffs herein." They further alleged that appellee was "preparing to unlawfully construct a fence of his own on and around the land in furtherance," quoting, "of unlawful designs to oust plaintiffs and each of them." And they further alleged that they would suffer "irreparable damage and injury to their property and right to use and enjoy same," unless they were granted the relief by injunction for which they prayed. In addition to such relief, appellants prayed for a money judgment against appellee for $150 as the value of the fence, and for $750 as damages. In his answer appellee did not deny that he tore down and removed the fence appellants referred to, nor that they owned same; but he did deny that appellants were ever in actual possession of and using and enjoying the land as they alleged they were, and alleged the fact to be that he was the owner of the land and held actual possession thereof at the time appellants commenced their suit, and that he and those under whom he claimed title had the land fenced, and held actual possession of and used and enjoyed it all the time from February 25, 1901, until the time when his answer was filed, to wit, January 5, 1920. He further alleged that appellants had been trespassing on the land, and prayed for an injunction restraining them from trespassing further thereon. The affidavits attached to the answer supported the allegations therein in regard to appellee's claim of title and in regard to the possession and use he and those under whom he claimed had made of the land since said February 25, 1901.

Todd, Graham & Williams and Rodgers & Rodgers, all of Texarkana, for appellants.
Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above.) The contention presented by the assignments is that the trial court erred when he overruled certain exceptions urged by appellants to appellee's answer. The ground of the exceptions was that there was no denial in the answer of material allegations in appellants' petition. The argument is that the trial court therefore should have treated the allegations as true, and hence that he abused the discretion he had when he dissolved the temporary injunction.

[1] The contention assumes that the allegations in the petition, if taken as true, entitled appellants to relief by injunction. We do not think so, and therefore would not reverse the judgment, if we thought the answer was subject to the objection urged to it. As we view the petition, the allegations did not entitle appellants to such relief, and the trial court, for that reason, if for

no other, should have dissolved the writ. San Antonio Water Supply Co. v. Green, 198 S. W. 631.

The fact that appellants owned a fence on the land, and that appellee tore it down and converted the material thereof to his own use, may have entitled appellants to recover damages of appellee, but it certainly did not entitle them to an injunction. The wrong, if it ,was one, was complete, and such a writ was not a remedy for it. Whitaker v. Dillard, 81 Tex. 359, 16 S. W. 1084; Acme Cement Plaster Co. v. American Cement Plaster Co., 167 S. W. 183.

So, the fact, if it was one, that appellee threatened to kill appellant Whitfield if he found him on the land, did not entitle appellants to the writ—certainly not, in the absence, as was the case, of allegations showing a right in Whitfield to go thereon. 14 R. C. L. 376.

Of course the fact that appellants had leased the land for the year 1920 was not a reason why the writ should have been granted.

Nor was the fact that appellee was preparing, if he was, to construct "a fence of his own on and around the land in furtherance of a design he had to oust appellants therefrom," of itself a reason why the ,writ should have been granted. Unless it appeared from the allegations in the petition that appellants had a right to the possession of the land as against appellee, they were not entitled to have him restrained from going upon and building a fence on it. They did not specifically allege, nor did they state facts showing, they had such a right. They did not allege either that they owned the land or were entitled to possession of it. Indeed, they did not even allege that their possession of the land was lawful. The averments with reference to this phase of the case were merely that—

"On and long prior to November 17, 1919, they had and held the land in their actual physical, open, and notorious possession, holding same under a good, sufficient, and secure fence, peaceably and without molestation, using and enjoying adversely to all others."

They might have had such possession of the land, and yet have been mere naked trespassers thereon.

[2] If it should be said that the defect just suggested was cured by the allegation that appellee's entry on the land was "unlawful and wrongful," the answer is that the allegation is a mere conclusion of the pleader, and not entitled to force in construing the legal effect of the averments in the petition. Birchfield v. Bourland, 187 S. W. 422.

"The rule of pleading," said the court (Weaver v. Emison, 153 S. W. 923), "that the state-ments of a party are to be taken most strongly against himself, is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising from the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief."

And see King v. Driver, 160 S. W. 415, Ross v. Veltmann, 161 S. W. 1073, and Shannon v. Hay, 153 S. W. 360, where it was said:

"In an application for an injunction, the well-recognized rule is that allegations of fact must be direct, certain, and particular."

The rule stated is applicable to another view of the allegations in appellants' petition. While appellants alleged that they were in actual possession of the land "on and long prior to November 17, 1919," they did not, except inferentially, allege that they had possession thereof on December 15, 1919 (when, they averred, appellee entered thereupon), or ever afterward. Observing the rule, the trial court might very well have concluded that it did not sufficiently appear from the allegations in the petition that appellants were in actual possession of the land after November 17, 1919.

While appellants sought both mandatory and preventive relief, the trial court granted their prayer only so far as it was for a writ restraining appellee from interfering with them in their possession and use of the land. The predicate for the relief the court granted was, of course, the allegations in the petition that appellants had actual possession of the land and that appellee was threatening to resort to unlawful means to deprive them of such possession. As we construe the answer, appellee not only denied that appellants had such possession of the land, but also denied that they were entitled to possession thereof, and alleged that he (appellee) owned it, that he was actually in possession of it from February 25, 1901, to the date of the filing of the answer.

[3] If, therefore, we doubted the correctness of the conclusion reached, that it did not appear from the petition that appellants were entitled to the relief they obtained, we nevertheless would affirm the judgment; for the truth of the allegations of the petition, so far as they were material to the matter before the trial court, having been denied in the answer, the court acted within his discretion when he dissolved the writ. Article 4663, Vernon's Statutes; Harris v. Thomas, 217 S. W. 1068; K. & L. of Honor v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180.

The judgment will be affirmed.