COLLINS, Sheriff, et al. v. CITIZENS' STATE BANK OF HOUSTON. (No. 8276.)

(Court of Civil Appeals of Texas. Galveston. April 11, 1922.)

1. Injunction ☞140—Application for temporary injunction must negative every reasonable inference from which it might be concluded that plaintiff is not entitled to injunction.

The petition on application for a temporary injunction must be taken most strictly against the plaintiff, and must negative every reasonable inference arising out of the facts stated, from which it might be concluded from other supposable facts connected with the subject he would not be entitled to relief sought.

2. Execution ☞172(4)—Petition held not to sustain temporary injunction restraining sale of land under execution.

In an action to enjoin sale under execution, petition *held* insufficient to sustain temporary injunction if it did not state facts negativing the inference arising from the levy and advertisement of the land for sale that the judgment debtor was the owner at some time between the rendition of the judgment and the date on which the property had been conveyed to the plaintiff, and that the lien had been fastened thereon by the filing and recording of an abstract of judgment against judgment debtor while he was such owner.

3. Appeal and error ☞837(3)—Court of Civil Appeals will not consider answer or supplemental petition on review of order granting temporary injunction showing that only the petition was considered in granting order.

Order temporarily enjoining the sale of land under execution granted on "the above and foregoing petition," and excluding the idea that either evidence or any other pleading had been considered by the court, the Court of Civil Appeals in determining whether the order was properly granted will not consider the answer or the supplemental petition of the plaintiff under Laws 1907, c. 107.

Appeal from District Court, Ft. Bend County; M. S. Munson, Judge.

Action by the Citizens' State Bank of Houston, against H. W. Collins, Sheriff of Ft. Bend County, Tex., and others. From an order granting a temporary injunction, defendants appeal. Reversed and remanded.

Bonner & Bonner, of Wichita Falls, for appellants.

Woods, King & John, of Houston, for appellee.

GRAVES, J. This appeal is from an order of the district court of Ft. Bend county temporarily enjoining the sale under execution of certain land in that county, levied upon as the property of Dan Dillon on De-

cember 13, 1921. The execution issued out of the Seventy-Eighth district court for Wichita county, Tex., on a judgment for money rendered by that court against Dillon and another in favor of the American National Bank of Wichita Falls, an abstract of which had some months before the levy under the execution—that is, on May 13, 1921—been filed and recorded in the office of the county clerk of Ft. Bend county.

The Citizens' State Bank of Houston procured the issuance of the temporary injunction against the Wichita Falls Bank, the sheriff of Ft. Bend county, and one Voelkel, upon allegations in a petition for that relief sworn to by its president, averring in substance: (1) That it, and not Dillon, was the owner of the property, pursuant to a deed from him and his wife conveying it to the bank, dated September 26, 1921, and duly filed for record in the office of the county clerk of Ft. Bend county on September 26, 1921; (2) that prior to the execution of such deed to the bank the property "was owned and held by Mrs. Dettie Mae Dillon, wife of Dan Dillon, as her separate property and not by Dan Dillon"; (3) that the alias execution under and by virtue of which the levy upon and advertisement of the property for sale was made, as shown by the face of the notice of sale, was and had long prior thereto been out of date, and consequently was dormant, void, and of no effect, in that such notice showed that the execution had been issued out of the district court of Wichita county on the 6th day of April, 1921, whereas the levy thereunder had been made more than eight months thereafter—that is, on the 13th day of December, 1921; (4) that, unless restrained, the sheriff of the county would sell the land under such dormant and void execution, and thereby cast a cloud upon the applicant's title thereto.

The order granting the writ is as follows:

"The above and foregoing petition having been presented to me in chambers on this the 6th day of February, 1922, and the same having been by me read, considered, and understood, it is ordered that a temporary writ of injunction issue in terms as prayed for, upon the plaintiff executing a good and solvent bond in the sum of $2,500, payable to said defendants, and conditioned as required by law, to be approved by the clerk of the district court of Ft. Bend county, Tex."

The record before us shows that on February 7, 1922, one day after the date appearing in the order just quoted, the Wichita Falls Bank filed its answer to this petition, denying under oath all of its material averments for injunction, and further pleading as facts matters tending to show that, as against Dan Dillon, it on May 13, 1921, fixed a judgment lien against the land so seized—that is, some 4¼ months prior to the stipulated date of the deed from Dillon and wife to the Houston Bank; coincident with the coming in of this answer, the Houston Bank filed a supplemental petition in reply, in turn denying under oath a number of the answering averments of the other bank, particularly that it had taken the necessary procedure therefor, or had in fact acquired any lien on or interest in the land prior to the deed from Dillon and wife of September 26, 1921.

In this court the Wichita Falls Bank, L. C. Voelkel, and the sheriff of Ft. Bend county, as appellants, ground their complaint against the court's action in granting the writ upon two contentions: (1) The appellee's petition upon which the order rested was insufficient in law, in that it did not comply with the rule of pleading in such cases to the effect that the statements of the appellant for injunction are to be taken most strictly against himself, and must negative every reasonable inference arising out of the facts stated from which it might be concluded that, under other supposable facts connected with the subject he would not be entitled to the relief sought; (2) the duly verified answer of the appellants controverting all the material allegations of the petition for injunction put them at issue, took from the court the right to grant the writ upon the pleading alone, and required the applicants to sustain their averments by proof.

The leading authorities cited in support of the first position are Graham v. Knight (Tex. Civ. App.) 222 S. W. 326; Edmonson v. Cummings (Tex. Civ. App.) 203 S. W. 428; Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575; Oriental Oil Co. v. San Antonio (Tex. Civ. App.) 208 S. W. 177; Texas Nov. Co. v. Bay Trad. Co. (Tex. Civ. App.) 206 S. W. 729; White v. McFaddin (Tex. Civ. App.) 209 S. W. 766; Wilkening v. Wolff (Tex. Civ. App.) 220 S. W. 598—while those under the second are Trimble v. Hawkins (Tex. Civ. App.) 197 S. W. 224; Murphy v. Smith, 38 Tex. Civ. App. 50, 84 S. W. 678; Daniels v. Daniels (Tex. Civ. App.) 127 S. W. 569; Riggs v. Winterode, 100 Md. 439, 59 Atl. 762; Boykin v. Patterson (Tex. Civ. App.) 214 S. W. 611, 613; Houston Elec. Co. v. Mayor of Houston (Tex. Civ. App.) 212 S. W. 198, 22 Cyc. 945.

[1, 2] Under the facts appearing and the cases cited, the first objection of appellants is clearly well taken, but for the reason hereinafter given we are not justified in passing upon the second one merely upon the mutual assertion of the parties on appeal that the trial court considered appellants' answer and appellee's supplemental petition in acting upon the application for the writ, notwithstanding their bearing date one day later than the date appearing in its order.

The petition asking for the writ was filed February 6, 1922, and the averment therein that the Houston Bank, and not Dillon, was

then the owner of the land "as will more fully appear by reference to the original deed executed by Dan Dillon and his wife, Nettie Mae Dillon, to the plaintiff herein on the 26th day of September, 1921," certainly did not negative the inference arising from the levy and advertisement of it for sale that Dan Dillon was the owner prior to September 26, 1921, and that a lien had been fastened thereon by the filing and recording of an abstract of judgment against him while he was such owner.

The next allegation, that prior to the execution of their joint deed to the petitioning bank the property belonged to the separate estate of Dillon's wife, is obviously insufficient in not indicating for what period of time prior to September 26th the property had so belonged to Mrs. Dillon, and in not negativing a legitimate inference that at some time between the rendition of the judgment by virtue of which the levy had been made and September 26, 1921, the property had stood in Dan Dillon's name, and that during that time the plaintiff in execution had acquired a lien thereon.

The charge that the alias execution was dormant and void "as shown by the face of the notice of sale" utilizes what plainly otherwise appears as a mere clerical error in the notice of sale, and not a defect in the execution itself. As a matter of fact the execution under which the levy was made bore the date of December 5, 1921, was returnable to the March, 1922, term of the Seventy-Eighth district court, which fact was neither denied nor otherwise negatived.

The concluding assertion, that a cloud would be cast by the sale of the land upon the title of the applicant for injunctive relief, is but a legal conclusion drawn by the pleader, which cannot, in the absence of sufficient averments of fact, aid the application: Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Graham v. Knight (Tex. Civ. App.) 222 S. W. 326. Clearly, then, under the rule of pleading applied in the cases first above referred to, the petition to which the order appealed from was appended was intrinsically insufficient.

[3] Nor, since the terms of the order exclude the idea that either evidence or other pleading than that to which it specifically refers was a part of the cause below, is this court authorized to consider the answer of appellants and the supplemental petition of the appellee. Gen. Laws 1907, p. 207, c. 107; City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459, writ of error refused.

From the views expressed, it follows that the judgment should be reversed, and the cause remanded. That order has been entered.

Reversed and remanded.