**CHAS. F. NOBLE OIL & GAS CO. v. AMER-
ICAN REFINING CO. (No. 10455.)**

(Court of Civil Appeals of Texas. Fort Worth.
Dec. 23, 1922. Rehearing Denied
Feb. 3, 1923.)

1. Injunction ⬦143(2)—Granting temporary
injunction against entry on lease without op-
portunity for hearing held error.

In a suit by the owner of an oil and gas
lease against an assignee of a contract for the
sale of gas, to enjoin defendant from entering
on the lease and taking gas from wells thereon,
on the ground that defendant had broken a
provision of the contract as to testing the gas
and payment for gas taken, granting a tempo-
rary injunction on the verified petition without
giving defendant an opportunity to be heard
in answer was error.

2. Venue ⬦15—Judge of one district held to
have authority to enjoin trespasses in anoth-
er district.

In a suit by an owner of an oil and gas
lease against an assignee of a contract for the
sale of gas, in which the petition prayed for an
injunction in part restraining a trespass upon
the lease, granting a temporary injunction re-
straining such a trespass was within the au-
thority of the judge of a judicial circuit other
than that in which the lease was located, with-
out a showing that the judge of the circuit in
which the lease was located was absent there-
from, was sick, or unable to hear or act upon
the application, or was disqualified to do so,
within the provisions of Vernon's Sayles' Ann.
Civ. St. 1914, art. 4643.

3. Injunction ⬦143(1)—Right to temporary
injunction granted on ex parte hearing must
be clearly established.

A temporary writ of injunction may be
granted on an ex parte hearing, but the right
thereto must be clearly established.

4. Injunction ⬦118(2)—Entire contract should
be set out in petition to enjoin entry under
terms thereof.

In a suit by an owner of an oil and gas
lease against an assignee of a contract for the
sale of gas, to enjoin defendant from entering
and taking gas from wells, on the ground that
defendant had broken a provision of the con-
tract as to testing gas and as to payment for
gas taken, the whole contract relating to the
sale of the gas should have been set out in the
pleading instead of only two paragraphs plead-
ed, in order to show that the contract did not
contain some stipulation which would deny to
plaintiff the remedy of summary forfeiture and
ouster, which was in effect accorded by a tem-
porary injunction.

5. Injunction ⬦143(2)—Showing of irrepara-
ble injury insufficient to warrant temporary
injunction without opportunity to defendant
for hearing.

In a suit by an owner of an oil and gas
lease, against an assignee of a contract for the
sale of gas to enjoin entry and taking gas
from the wells, a verified petition alleging that

defendant had broken the provisions of the con-
tract as to testing gas and payment for gas
used, and that defendant threatened to destroy
plaintiff's pipes to the wells and so render
plaintiff's plant for utilizing gas useless, did
not show an irreparable injury sufficient for
granting a temporary injunction, without giving
defendant an opportunity for a hearing.

On Motion for Rehearing.

6. Injunction ⬦118(2)—Requisites of peti-
tion for injunction stated.

In a suit for an injunction, plaintiff must
allege facts which clearly show his right to
the relief sought, and such allegations must be
sufficiently certain to negative every reasonable
inference arising from the facts pleaded, from
which it might be deduced that he may not,
under other supposable facts connected with
the subject, be entitled to that relief.

7. Injunction ⬦118(3)—Granting temporary
injunction held error.

Where the assignee of a contract for the
sale of gas had the right to make pipe con-
nections with gas wells, it had the right to
enter on the premises in question to attach
pipes, and to remove pipes of the owner of the
lease on which the wells were located, and a
temporary injunction restraining it from so
doing on the ground that it had broken the
contract as to testing and paying for the gas, in
absence of an allegation that the assignee
threatened to or probably would break the
contract in the future, was error.

Appeal from District Court, Wichita Coun-
ty; E. W. Napier, Judge.

Suit by the American Refining Company
against the Charles F. Noble Oil & Gas Com-
pany. From an order granting a temporary
writ of injunction, defendant appeals. Re-
versed, writ vacated, and cause remanded.

Bonner, Bonner & Sanford, of Wichita
Falls, for appellant.

Weeks, Morrow & Francis, of Wichita
Falls, for appellee.

DUNKLIN, J. [1] The Chas. F. Noble
Oil & Gas Company, defendant in the court
below, has appealed from an order granting
a temporary writ of injunction at the in-
stance of the American Refining Company,
plaintiff, restraining the defendant from en-
tering upon the property described in plain-
tiff's petition, which was an oil and gas lease
on 5 acres of land, and from in any man-
ner interfering with or disconnecting the
pipe lines which are connected with the
oil and gas wells situated on the lease, and
title to which was claimed by the plaintiff,
and also restraining the defendant from any
interference with the extraction and trans-
portation of the casing head gas from the
wells.

The suit was instituted in the district court
of the Thirtieth judicial district, but the
order for the temporary writ was made by

the judge of the district court of the Seventy-Eighth judicial district, and that, too, upon an ex parte hearing, without notice to the defendant, and upon no other evidence except the verified petition.

According to allegations contained in plaintiff's petition, it is the owner of an oil and gas lease on 5 acres of land in Wichita county. Prior to its purchase of the lease, a contract was made by the then owner with Chas. F. Noble, which contained the following provisions:

"The said party of the second part hereby agrees to keep correct and accurate accounts in proper books of all gas so delivered and to render to the party of first part a statement on or about the 20th day of each calendar month, showing the total amount of gas so delivered and purchased during the preceding month, and to pay the party of the first part a price in accordance with the tariffs or rates embodied in schedule E, which is attached hereto and made a part of this contract, the sale price to be reckoned in buyers cars. * * * The gasoline content or yield of casing head gasoline from the casing head gas purchased from the party of the first part upon which the price is based, as shown in schedule E, shall be determined by the test of said gas made in the usual and accepted manner of testing casing head gas to determine the gasoline content of casing head gas and shall be made with the most modern appliances for testing same, said test to be made every three, months and the content or yield shown thereby to be used in determining the sale price or price to be paid for the gas in accordance with schedule E for each succeeding three months or until a further test is made. The party of the second part shall notify the party of the first part when said tests are to be made and party of the first part, if they so desire, may have a representative present to see the making of said test."

The defendant is the assignee of Chas. F. Noble, who was named as party of the second part in said written contract, and is entitled to all the rights of its assignor under the contract. Plaintiff has succeeded to the rights of the party of the first part in said contract. According to further allegations in plaintiff's petition, the defendant has failed and refused to make the test of the gasoline content of the gas taken from the property, in accordance with the terms of the two provisions of the contract above quoted, and has failed and refused to notify the plaintiff that such tests were to be made, and has knowingly and willfully used fictitious and erroneous figures in calculating the casing head gasoline content of the gas taken from the wells, and has knowingly remitted to plaintiff a much smaller amount than was actually due it for casing head gas, all over the protest of the plaintiff; and for those reasons plaintiff alleged that defendant had forfeited any rights under the contract to take casing head gas from the wells, and has also forfeited any right to enter upon

the lease, or to interfere with plaintiff's rights thereunder.

It was further alleged that defendant had entered upon the premises and had destroyed the pipe line connections which plaintiff had installed to enable it to utilize casing head gas from the wells, and defendant, through its agents and servants, is now threatening to re-enter the premises and again destroy and disconnect plaintiff's said pipe connections. Plaintiff further alleged that it had erected in close proximity to the lease a valuable plant, with machinery for the purpose of utilizing casing head gas from the wells, at an expense of $25,000 and that, if the defendant is permitted to continue to so trespass upon the lease and disconnect the pipe line connections, plaintiff's operation of the plant will be seriously interfered with and plaintiff will thereby be damaged more than $1,000. Based upon those allegations, plaintiff prayed for the issuance of a temporary writ of injunction, in terms as was thereafter granted, and for a perpetuation of the same upon final hearing.

[2] Since the petition prayed for an injunction, in part, restraining a trespass upon the lease, and since the writ granted restrained such trespass, we overrule the contention made by the appellant that the judge of the Seventy-Eighth judicial district was without authority to grant the writ, in the absence of any showing that the judge of the Thirtieth judicial district was absent therefrom, or was sick or unable to hear or act upon the application, or was inaccessible, or had refused to hear and act upon such application, or was disqualified so to do, under the provisions of article 4643, V. S. Tex. Civ. Statutes.

[3] It will be noted that only two paragraphs of the contract, under which plaintiff claimed a right to injunctive relief, are set out in the petition; and the breach of the defendant's obligation under those two paragraphs constitutes the gravamen of plaintiff's complaint. It is clearly implied from those two paragraphs that the defendant had the right to take the gas from the wells upon the payment of the value thereof fixed by the tariff rates referred to in the contract. And it is a clear inference further that the defendant had the right to go upon the lease and to maintain pipe connections with the wells in order to procure the gas. A forfeiture of that right is claimed in the petition, solely by reason of an alleged breach of the contract upon the part of the defendant in failing to make proper tests of the gas and in failing to make proper payments to plaintiff for the gas. Plaintiff seeks not only to terminate the contract, but, by a writ of injunction, to summarily restrain the defendant from taking any more gas and from going upon the lease for that purpose; and that relief was granted without a hearing from the defendant. While it is true

that a temporary writ of injunction may be granted upon an ex parte hearing, it is also the rule that the right thereto must be clearly established. So far as appears in plaintiff's petition, the contract under which the defendant had the right to take the gas from the lease contained no provision for a forfeiture of such right for the breach alleged. Even if it had contained such a provision, the forfeiture could not be successfully claimed unless such provision would have plainly and clearly given. such right.

In Decker v. Kirlicks, 110 Tex. 90, 216 S. W. 385, our Supreme Court, speaking through Chief Justice Phillips, said:

"Forfeitures are harsh and punitive in their operation. They are not favored by the law, and ought not to be. The authority to forfeit a vested right or estate should not rest in provisions whose meaning is ,uncertain and obscure."

In Gillis v. Rosenheimer, 64 Tex. 243, the following statement was quoted with approval:

"The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief."

Many other decisions, substantially to the same effect, might be cited, such as Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575, writ denied; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Collins v. Citizens' State Bank (Tex. Civ. App.) 241 S. W. 633, and other authorities there cited.

[4, 5] It is reasonable to suppose that the contract may contain some other stipulation which would deny to plaintiff the harsh remedy of summary forfeiture and ouster, which was accorded by the temporary writ of injunction issued; and in order to refute such a hypothesis the entire contract should have been set out in the petition. Furthermore, there is an absence of a sufficient showing of irreparable injury in the petition for the granting of such extreme measures as was accorded by the order complained of, which had the effect to temporarily annul the contract and terminate defendant's rights thereunder, and under which the defendant was operating, merely for an alleged breach of the contract, upon no other evidence than the verified petition, and with no opportunity given to the defendant to be heard in answer thereto.

Accordingly, the judgment of the trial court is reversed, the temporary writ of injunction is vacated, and the cause is remanded, for further proceedings not inconsistent with this judgment.

### On Motion for Rehearing.

[6] In the recent case of Hill v. Brown, 237 S. W. 252, decided by our Supreme Court, it was held that an injunction will not lie if the plaintiff has an adequate remedy at law for the injury complained of; and, as held in the decisions cited in our original opinion, not only is the burden upon the plaintiff to allege facts which clearly show his right to injunctive relief, but such allegations must be sufficiently certain to negative every reasonable inference arising from the facts pleaded, from which it might be deduced that he may not, under other supposable facts connected with the subject, be entitled to that relief.

The purpose of the present suit was to rescind and terminate the contract alleged in the petition and to thus deprive the defendant of the rights originally vested in it, under and by virtue of the terms of the contract. That right was a vested right. The plaintiff's petition was not based upon the theory that the defendant had abandoned the contract, but solely upon the theory that it had breached it, and that, by reason of such breach, defendant's rights under the contract had terminated. To so lose such rights would be in the nature of a forfeiture, as alleged in the petition, if not strictly and technically a forfeiture, as plaintiff now insists.

The petition contained no allegation that the defendant was insolvent and unable to respond in damages, and no sufficient showing that the breach of the two provisions in the contract set out in the petition had resulted or would result in irreparable injury to the plaintiff. By virtue of the writ granted, the defendant was summarily, and without an opportunity to be heard, deprived of all rights vested in it, under the contract pending the hearing of the case on its merits, and that, too, merely upon plaintiff's verified petition.

[7] Furthermore, it is a familiar principle that the writ of injunction may be used to prevent,injuries but cannot afford a remedy for injuries already inflicted. Whitaker v. Dillard, 81 Tex. 359, 16 S. W. 1084. In plaintiff's petition, following allegations of breach of the provisions of two of the paragraphs of the contract set out, and an alleged forfeiture of all of defendant's rights under the contract by reason of such breaches, are the following allegations with respect to threatened injuries in the future, which are the only allegations of threatened future injuries:

"It is further shown to the court that, notwithstanding this, defendant by its agent and servants had heretofore entered upon said premises and has willfully and maliciously torn up and destroyed the connections made by plaintiff to plaintiff's said lease upon said property for the

purpose of utilizing casing head gas therefrom, and the said defendant, its agents, and servants are now threatening to re-enter upon said premises and to again tear up and disconnect plaintiff's said connections and to take the property of plaintiff, to wit, casing head gas, by force."

It clearly appears that, by virtue of the terms of the two paragraphs of the contract set out, the defendant had the exclusive right to go upon the lease and to make such pipe connections with the wells as might be necessary to utilize casing head gas therefrom, and to that end to remove any such pipe connections as plaintiff might make for the purpose of taking casing head gas from the wells for its own use, during the life of the contract. The petition contains no allegation to the effect that the defendant has threatened or probably will breach the contract in the future, as plaintiff alleges has been done in the past. Allegations in the petition plainly imply that plaintiff has already claimed a forfeiture of all of defendant's rights under the contract on account of alleged breaches of its provisions, and by reason of such claim has ousted defendant of possession of the lease and has begun to take the output of the wells, to the exclusion of the defendant. And the injunction sought and granted was to restrain defendant from any interference with plaintiff in its present possession and use of the wells, the only alleged basis for which was the alleged prior breaches of the contract by the defendant.

We express no opinion as to the merits of the case. What we have said applies only to the issue of plaintiff's right to the issuance of the temporary writ of injunction.

The motion is overruled.