## EASTLAND COUNTY v. DAVISSON et al.
### (No. 98.)

(Court of Civil Appeals of Texas. Eastland. May 27, 1925. Rehearing Denied Dec. 11, 1925.)

**1. Injunction ⬅118(2)—Document, made part of contract on which suit for injunctive relief based, must be placed before court, or else show that nothing therein precludes plaintiff from relief sought.**

In suit for injunction, based on road construction contract which referred to and made a part thereof certain plans and specifications, *held* that it was necessary for plaintiff to place such plans and specifications before the court or show by his pleadings and proof that nothing in them would preclude him from relief sought.

**2. Evidence ⬅353(7)—Plans and specifications, identified as one, referred to in contract on which suit for injunctive relief based, held admissible.**

In suit for injunction based on contract which made certain plans and specifications a part thereof, where plans and specifications were identified as those referred to in contract, court should have admitted them in evidence.

**3. Injunction ⬅88—Contractor suing to restrain county from expending road funds held not to have vested right to such funds.**

Under road construction contract, contractor *held* not entitled to injunctive relief under Rev. St. art. 4643, subd. 2, to restrain use of proceeds of bonds, after work required by county had been completed, in that under the contract contractor had no vested right to funds in hands of county.

**4. Highways ⬅99¼—Road funds in hands of commissioners' court cannot be used for purpose of satisfying claim for unliquidated damages by contractor.**

Road funds in hands of commissioners' court can be used only for building and maintenance of public roads and highways, and cannot be used for purpose of satisfying claim for unliquidated damages claimed by contractor.

**5. Injunction ⬅88— In case of injunction against expenditure impounding of road funds would result in injury to public generally.**

Funds arising from sale of road bonds are public funds collected for specific purposes, and, in suit by contractor to restrain their expenditure, judgment granting injunction cannot be regarded as without injury, as public generally would be affected by impounding of funds.

**6. Injunction ⬅126—Incumbent on assignee of road contract seeking to enforce alleged rights thereunder to prove county's consent to such assignment.**

Where contract on which plaintiff based suit to restrain expenditure of road funds provided that no work was to be assigned or sublet by contractor without written consent of engineer, and road work had been assigned to plaintiff, *held* that it was incumbent on plaintiff to prove that assignment was with consent of engineer, as prerequisite to his having any right under contract.

Appeal from District Court, Eastland County; George L. Davenport, Judge.

Suit for injunction by G. A. Davisson and others against Eastland County. From a judgment granting injunction, defendant appeals. Reversed, and injunction dissolved.

Turner, Seaberry & Springer, of Eastland, and Chandler & Pannill, of Stephenville, for appellant.

Conner & McRae, of Eastland, for appellees.

LITTLER, J. The appellant, Eastland county, has appealed from an order granting an injunction at the instance of G. A. Davisson, restraining said county and its commissioners' court from expending any part of the money now in its hands or hereafter coming into its hands from funds arising from the sale of certain road bonds theretofore issued from the sale by said county. The injunction suit is ancillary to a suit filed by Eastland county against G. A. Davisson as sole owner of the Fleming-Stitzer Road

Building Company, in which it is alleged that Eastland county made and entered into a contract with Fleming-Stitzer Road Building Company, a partnership composed of G. A. Davisson and certain other parties, in which said company had agreed to buy and pay for at par value and accrued interest $4,500,000 bonds voted by the citizens of Eastland county. In addition thereto, said contracting company agreed to build a system of good roads in Eastland county and receive in payment thereof the funds derived from the sale of said bonds. It was further alleged that said company and its successors had taken said bonds, but had not paid for same, and that there was a balance due thereon, a sum in excess of $64,000. The road building company replied, alleging that as said bonds were sold the proceeds were placed in a depository bank which was the regular depository of said county; that said bank had failed, and as a result thereof a large portion of the funds so derived were unavailable for road work; that said county, acting through its commissioners' court, who were the predecessors in office of appellants, had made and entered an order postponing the payment of said sum of $64,000 until such time as said funds became available, and for that reason appellant was not entitled to recover. In addition, said company filed a cross-action praying for a large sum of money alleged to be due it by reason of wrongful classification of work done and material furnished.

While said suit was pending on the docket of the trial court, the road building company filed its petition praying for a temporary injunction, in which it was alleged that said company was entitled to spend the entire proceeds realized from the sale of said bonds, that, since the failure of said depository bank, Eastland county had recovered a portion of said funds and were about to expend said funds upon the roads of said county by other contractors, and that thereby the subject-matter of said original suit would be dissipated. The court granted a temporary injunction without notice to appellant. Thereafter appellant filed its motion to dissolve, denying under oath that any equity existed in appellees' bill, pleaded that said contract for road work had been terminated by and with the consent of appellees' successor, to whom appellees had sold said contract and had repurchased it, that said repurchase was not binding upon said county, since it had not agreed to the reassignment to said Davisson, and further that said contract had attached to it and forming a part of it certain plans and specifications which denied said company the relief sought. The court, after hearing testimony on appellant's motion to dissolve, denied the motion.

By the first assignment of error it is contended that the court erred in not dissolving said injunction, for the reason that appellee based his right to injunctive relief upon a certain contract which he attached to his petition, but which appellant contends is incomplete, in that said contract provided that there are certain plans and specifications prepared by the county engineer of Eastland county, attached to said contract and made a part thereof; that the contract attached to said petition did not contain a copy of the plans and specifications, nor were there any allegations in appellees' petition denying the existence of other provisions in said specifications which would be sufficient to deny appellees the relief sought. We think this assignment is well taken. We think it was necessary for appellees to either plead the entire contract between the parties or else allege such portions thereof as he bases his right to an injunction upon, and plead and prove that there are no other provisions contained in the contract which would deny him the relief prayed for. In other words, in suits for injunction, it is necessary, not only to allege facts entitling one to the relief sought, but he must negative every other fact by which the relief sought could be denied.

The Supreme Court, in the case of Gillis v. Rosenheimer, 64 Tex. 243, quoted with approval the rule in this language:

"The rule of pleading, that the statements of a party are to be taken most strongly against himself, is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief."

This question was directly decided and the rule applied to similar facts in the case of Chas. F. Noble Oil & Gas Co. v. American Refining Co. (Tex. Civ. App.) 248 S. W. 451. The applicant for injunction only pleaded a portion of the contract between the parties, and the court held that it was necessary to plead the entire contract, citing with approval the rule above quoted. Many other decisions substantially to the same effect might be cited, such as Emde et ux. v. Johnson et al. (Tex. Civ. App.) 214 S. W. 575; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Collins v. Citizens' State Bank (Tex. Civ. App.) 241 S. W. 633.

We likewise think the court erred in refusing to admit in evidence the plans and specifications offered by appellant. These plans and specifications were identified as those referred to in the contract and formed a part thereof.

There are other propositions raised in appellant's brief which we decline to discuss, since it is necessary that we reverse the case for the error hereinbefore referred to.

Judgment of trial court reversed, and injunction dissolved.

### On Motion for Rehearing.

LITTLER, J. In our original opinion we only discussed two assignments of error, the same being Nos. 1 and 14, as the dissolution of the injunction was the question presented to this court, and the disposition of the above-numbered assignments of error called for the reversal of the case and dissolving of the injunction, and for that reason we did not think it necessary to further burden the record by discussing other assignments of error, and specially was this true when the cause was yet to be tried on its merits, however, as appellee by his motion for rehearing and appellant in its answer thereto insist upon a further discussion of the questions raised upon appeal, we now think it might be of some assistance, upon the trial of the cause on its merits, for this court to pass upon other assignments of error raised by appellant and not passed upon in our original opinion.

In appellee's lengthy motion for rehearing, he earnestly insists that this court erred in its original opinion, and in addition thereto urges certain equities in his case which we deem advisable to now discuss.

[1] In our original opinion we held that it was necessary for the applicant for injunction based upon contract to allege the elements essential to entitle him to the relief sought with such certainty as to negative every reasonable inference from the facts stated which would preclude the relief sought. Appellee has assailed our holding in this respect. Where a contract, as the one in this case, refers to and makes a part thereof a document, it is necessary for the applicant to place this document before the court for its consideration, or else show by his pleadings and proof that nothing in the document would preclude him from the relief sought. This appellee did not do. After appellant had pleaded portions of the plans and specifications as reasons why the injunction should be dissolved, and offered the same in evidence, the appellee objected thereto. The plans and specifications were a part of the contract and should have been considered by the court as such.

[2] Appellee also assails our holding upon the question of the admissibility of the plans and specifications in evidence. We think the affidavit of Pauline Fisher identified the document as the one referred to in the contract, and should have been admitted in evidence by the trial court.

[3] Appellee contends that he was entitled to injunctive relief under subdivision 2 of article 4643 of the Revised Statutes, which provides:

"Where, pending litigation, it shall be made to appear that a party doing some act respecting the subject of litigation, or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual."

We are of the opinion that appellee is not entitled to the writ of injunction under this statute. The evidence does not show such a vested right in the funds as would entitle one to an injunction. The contract by its terms did not give the contractor vested rights in the whole of the bond issue voted by the county, but only so much thereof as was necessary to build a system of good roads. The contract provided:

"The qualities of work to be done and materials furnished may be increased or diminished as may be considered necessary in the opinion of the engineer."

We are of the opinion that this provision of the contract gave the contractor, at most, only a right to the funds as were necessary to build the roads the county designated to be built. The evidence shows that the original contract was transferred by appellee to Smith Bros., with the consent of the county; that thereafter Smith Bros. completed the work desired by the county under the contract, the work was accepted and paid for by the county, and the contract was terminated as to any future work to be done thereunder. Thereafter Smith Bros. attempted to reassign to appellee any rights they had under the contract. The contract having been performed as stated, no rights remained thereunder to be assigned, and appellee acquired no claim against the county by such assignment. So appellee had no vested right to the funds or any part thereof remaining in the hands of the county.

[4] The record in this case reflects that the appellee only sued for unliquidated damages under the contract and not for specific performance of the contract. The funds in the hands of the commissioners' court are road funds, and cannot be used for any other purpose than the building and maintenance of public roads and highways. These funds could not be used for the purpose of satisfying the claim for unliquidated damages claimed by appellee. Carroll v. Williams, 109 Tex. 155, 202 S. W. 504.

[5] Appellee also urges that no injury can be done by having these funds impounded. We cannot agree with this contention. These funds are public funds, collected for specific purposes, and the public generally is affected. As was said by the court in the case of Craven v. Davison (Tex. Civ. App.) 233 S. W. 872, a case in many respects similar to the one at bar:

"The work here affected was a public one. * * * It goes without saying that the stopping, delaying, or hampering of such a project by the harsh process of injunction would work serious injury to the county, its citizens, and the public generally."

[6] In his last proposition appellee invokes rule 62a for Courts of Civil Appeals, and contends that, had the plans and specifications which were a part of the contract been admitted in evidence, the result of the suit would not have been effected. In other words, it is contended that nothing contained in the plans and specifications would have denied appellee the relief sought. The document contains many pages of typed provisions, and we do not undertake to construe the whole instrument. However, we cannot agree with appellee in the construction of the part quoted in his motion for rehearing:

"No work is to be sublet or assigned by the contractor without the written consent of the engineer."

Appellee neither pleaded nor proved that the purported reassignment from Smith Bros. to him was with the consent of the county or its engineer. Such fact was denied under oath by appellant in its motion to dissolve. It was clearly incumbent upon appellee to show such fact as a prerequisite to his having any rights that might have existed under the contract.

A similar provision in a contract was construed by the court in the case of Craven v. Davison, supra:

"Neither the commissioners' court nor the engineer of the county ever consented in writing or in any way that this work should be done by Mr. Davison, nor was the provision of the state highway department of Texas, that 'no work is to be sublet or assigned by the contractor without the written consent of the engineer and the written permission of the state highway engineer' carried out. This subletting of the work as between Craven and Davison, therefore, never became a legal contract or in any way binding upon Gillespie county."

The motion for rehearing is overruled.

PANNILL, C. J., not sitting.