**DAVISSON v. EASTLAND COUNTY.**
**(No. 838–4546.)**

(Commission of Appeals of Texas, Section A. Nov. 17, 1926.)

Injunction ⟨⇒⟩136(2)—Road contractor, bringing cross-action for proceeds of road bonds in county's suit for price of bonds purchased by him, held entitled to injunction against expenditure of proceeds for other purposes pending litigation (Rev. St. 1925, art. 4642).

Under Rev. St. 1925, art. 4642, road contractor, seeking judgment against county for proceeds of road bonds by cross-action in county's suit for balance due on bonds purchased by him, *held* entitled to injunction against expenditure of such proceeds for other purposes pending litigation.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by Eastland County against G. A. Davisson, who filed a cross-action. An order of the district court overruling plaintiff's motion to dissolve a temporary writ of injunction granted defendant was reversed, and a judgment dissolving the injunction rendered, by the Court of Civil Appeals (277 S. W. 779), and defendant brings error. Judgment of the Court of Civil Appeals reversed, and the order of the district court affirmed.

Conner & McRae, of Eastland, for plaintiff in error.

Chandler & Chandler, of Stephenville, and Turner, Seaberry & Springer and W. J. Barnes, Co. Atty., all of Eastland, for defendant in error.

BISHOP, J. Eastland county, defendant in error, filed suit against plaintiff in error, G. A. Davisson, sole owner of Fleming-Stitzer Road Building Company, alleging that the county had entered into a contract with the road building company, by the terms of which said company had agreed to buy and pay for $4,500,000 road bonds issued by said county for the construction of roads, and said company was awarded the contract to build and construct the roads, for the construction of which said bonds were issued; that said company had taken said bonds, but had not fully paid for same; and that there was a balance due on the bonds purchased by said company, the sum of $64,000, for which the county sought judgment.

By the answer of plaintiff in error issue was joined. In his answer, by way of cross-action, he sought judgment against the county for the sum of $123,873.73. He alleged that the county agreed, contracted, and bound itself to pay said company the whole of the proceeds arising from the sale of said bonds; that $426,113.45 of said pro-

ceeds were by the county deposited in a bank which failed, thereby rendering this sum unavailable to pay for the construction of roads under the terms of said contract; that, had this sum been available and expended in the construction of roads as contemplated, he would have made a profit of not less than 15 per cent., amounting to $70,500. He also alleged that he had furnished material and labor in the construction of roads under the terms of said contract, for which he had not been paid by the county, in the sum of $53,373.73.

While this case was pending in the district court, plaintiff in error filed petition praying for temporary injunction. In this petition he alleged that the county held in its possession $60,000 of the proceeds arising from the sale of said bonds; that it was threatening to, and unless restrained from doing so would, expend this money, as well as other proceeds from the sale of said bonds which might come into its possession, for purposes other than the performance of its contract with said company; that, unless restrained, all of the proceeds from the sale of said bonds would be diverted to purposes other than the performance of said contract, and that the subject-matter of the suit would be dissipated.

On this petition temporary writ of injunction was granted, restraining the county, "its officers, agents, attorneys, and representatives, from expending any funds, which may now be in its hands and which may come into its hands during the pendency of this suit as the proceeds either directly or indirectly from the sale of Eastland county road bonds, * * * and to retain such funds for disposition by the final order and judgment in this cause." Thereafter motion filed by defendant in error to dissolve was overruled, and the order overruling this motion was by the Court of Civil Appeals reversed and judgment rendered dissolving the temporary injunction. 277 S. W. 779.

Article 4643, R. S. of 1911 (article 4642, R. C. S. 1925), provides that judges of the district and county courts may grant writs of injunction in cases "where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual." Plaintiff in error is by his cross-action seeking to recover judgment under his contract with the county, which would give him a right to insist that his claim be paid from the proceeds of the sale of the road bonds. Should the county be allowed to expend these proceeds for other purposes pending litigation, and should he recover judgment on his cross-action, such

judgment would be rendered ineffectual in so far as his right to subject these proceeds to the payment thereof is concerned. The proceeds of the sale of the road bonds is the subject of litigation between the parties to this suit, and plaintiff in error is entitled to writ of injunction requiring the county to retain these funds for disposition by the final judgment in this cause.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the order of the district court overruling motion to dissolve be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.